UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

------------------------------------------------------------------- X
**SECOND NATURE DESIGNS LTD.,**  :
   :
    **Plaintiff,**  :
   :
    *v.*  :    Court No. 18-cv-00131
   :
**UNITED STATES,**  :
   :
    **Defendant.**  :
------------------------------------------------------------------- X

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION REQUESTING THAT THE COURT ORDER PLAINTIFF T FILE A COMPLAINT

In accordance with Rules 7 and 13(h) of the Rules of the United States Court of International Trade ("U.S.C.I.T. R."), plaintiff Second Nature Designs Ltd., responds to the defendant's motion requesting the Court order plaintiff to file a complaint. For the reason set forth herein, plaintiff submits the Court should designate Court No. 17-271 a test case, suspend this case thereunder, and deny defendant's motion for a Complaint, subject to renewal at an appropriate time.

Although not mentioned in defendant's motion, the Government's request has thrown the Court and parties into the sparsely litigated, Court-specific U.S.C.I.T. R. 13(h) which provides a defendant wishing to proceed expeditiously and with good cause the ability to demand a complaint in 28 U.S.C. 1581(a) actions[1]. Plaintiff has been unable to find a case where the Court ruled on

---

[1] Although not raised in the Government's motion, USCIT R. 13(h) provides:

   (h) Demand for a Complaint.

    (1) Regardless of whether a civil action is pending on a Reserve or Suspension Calendar, in a civil action under 28 U.S.C. § 1581(a) or (b), for good cause shown, a defendant who wishes to proceed expeditiously in the action may file a motion demanding that the plaintiff file a complaint.

what constitutes "good cause" in such scenarios. However, because the government admits in its own motion that it's task of pleading counterclaims in this case would be "time intensive" and require extensive discovery, and because a better alternative for the conservation of judicial and litigant resources is available under the Court's rules, plaintiff respectfully submits that the defendant's demand for a complaint fails to meet the requirements of U.S.C.I.T. R. 13(h) and should be denied.

Rule 13(h) provides that "for good cause shown, a defendant who wishes to proceed expeditiously in the action may file a motion demanding that the plaintiff file a complaint." The rule further provides that:

> The motion should include, among other information, (A) the movant's reasons for wanting to proceed at this time, (B) if the movant seeks a time different from that provided in this rule, a proposed timetable within which the plaintiff should file a complaint and the reasons for a different time, and, in a suspended action, other scheduling information that the movant believes necessary to enable the court to issue an order removing a suspended action from a Suspension Calendar, and (C) a description of any counterclaim known to the movant at the time of its motion that the movant intends to assert in its answer.

Here, defendant has failed to provide any reasons why this action should be litigated promptly. The proposed test case is likely to resolve most, if not all, issues which could be raised in this action, including those raised by way of counterclaim. Whether defendant has

---

(2) The motion should include, among other information, (A) the movant's reasons for wanting to proceed at this time, (B) if the movant seeks a time different from that provided in this rule, a proposed timetable within which the plaintiff should file a complaint and the reasons for a different time, and, in a suspended action, other scheduling information that the movant believes necessary to enable the court to issue an order removing a suspended action from a Suspension Calendar, and (C) a description of any counterclaim known to the movant at the time of its motion that the movant intends to assert in its answer.

(3) If the court grants a motion for a demand for a complaint, plaintiff must file its complaint within 30 days after the date of service of the order if plaintiff wishes to continue the action.

The rule contains a reference to the now-superseded Reserve Calendar, but does not mention the Court's current Customs Calendar.

a cause of action to assert a counterclaim is in question in Court No. 17-271. In another case pending before the Court, *Cyber Power Systems (USA) Inc. v. United States*, Court No. 21-200, Slip Op. 22-85 (July 20, 2022), Judge Kelly determined that the Government lacks the statutory authority to assert a counterclaim in against a plaintiff in a 28 U.S.C. 1581(a) classification case. Defendant contends that plaintiff should be required to file a complaint at this time because it will "clarify which questions of fact and law are at issue in that case for each of the disputed product styles of the imported merchandise." *See* ECF 15 at 7. The Government also contends, improbably, that the filing of a complaint would identify the "various tariff headings which may be at issue beyond the two headings identified in the summons."[2] *Id.* at 6.

Defendant contended that it needed years of discovery to determine whether it had counterclaims, and what they were, in Court No. 17-271. It is likely not in a position to assert anything resembling a final counterclaim in any Answer filed in this action.

The issues of law or fact identified in this case, do not neuter plaintiff's request to designate Court No. 17-271 a test case and for this case to be suspended underneath it. As noted in ECF 14, a suspended case only needs to have a single question of law or fact in common with the test case in order to have a basis for suspension. In this case, the 0604.90.30, HTSUS versus 0604.90.60, HTSUS issue is enough to suffice. The government certainly cannot contend, that under their theory of the case, not a single piece of merchandise which plaintiff summoned to court falls under plaintiff's theory into 0604.90.30, HTSUS. In fact, in Court No. 17-271, in plaintiff's motion for summary

---

[2] Plaintiff's complaint in this case would not cite any tariff provisions carrying a higher rate of duty than assessed in liquidation – indeed, it could not – so defendant would likely need to do discovery to determine whether it has any potential counterclaims, and what they might be.

judgement, ECF 104, plaintiff argued for this classification for every piece of merchandise which the parties could not reach agreement on. As such, under U.S.C.I.T. R. 1, which calls for "the just, speedy, and inexpensive determination of every action and proceeding" in this Court, a better alternative exists. The parties' resources, and judicial resources are better served by the plaintiff's proposal of suspension under U.S.C.I.T. R. 83(f), so that the lengthy, expensive discovery and litigation, which is occurring in Court No. 17-271, can hopefully be avoided in this case.  There is no need to have two substantially identical litigations proceeding full speed ahead where the decision in the test case may resolve all or most of the issues in the second case. This is why the test case/suspension procedure exists, as such the defendant has failed to provide good cause for its motion demanding a complaint. The motion should be denied.

The Government notes that "we have only just begun reviewing the entry papers for the approximately 149 entries at issue in Court No. 18-00131[,]". *Id.* at 9, and anticipates "this process to be a time-intensive task. " *Id.* at 3. At this current stage, by the Government's own admission, it does not sound as if the Government will be ready anytime soon to plead a counterclaim against plaintiff. This "time intensive task" cuts against the U.S.C.I.T. R. 13 requirement that a defendant demanding a complaint be one who "wishes to proceed expeditiously." If the parties' experience in Court No. 17-271 is any indication, it could be a long time before defendant could file an Answer and counterclaim researched to the standard required by U.S.C.I.T. R. 11.

The Government is attempting to circumnavigate this Court's unique system of dealing with cases with similar issues, which plaintiff has moved to invoke. *See* ECF 14. The real question at issue is whether discovery in the instant action should be conducted

now, or after Court No. 17-271 is decided. Since a decision in Court No. 17-271 is likely to resolve most issues in this case, the use of the "test case/suspension" procedure of U.S.C.I.T. R. 83 is likely to narrow the scope of any discovery which defendant may ultimately require in this case.

In addition, defendant's motion requested that plaintiff be ordered to file a complaint within 14 days of the entry of an order requiring plaintiff to do so, but fails to explain why a truncated period is necessary, as U.S.C.I.T. R. 13(h) requires. This is puzzling, as the government's motion discusses the "time intensive" work that will be required for formulate any counterclaim they might wish to assert.

Plaintiff also notes that under U.S.C.I.T. R. 13(h), 41, and *Eastalco Aluminum Co. v. United States*, 995 F.2d 201, 204 (Fed. Cir. 1993), plaintiff unilaterally maintains the ability to dismiss this case until issue is joined.

The "test case/suspension" procedures provides a more orderly way to proceed than does the Government's proposal to duplicate litigation. Its demand for a Complaint should be denied, without prejudice to refiling at a future appropriate date, and plaintiff's motion for test case designation of Court No. 17-271 and suspension of the instant case thereunder.

As such, plaintiff respectfully submits that this Court deny the defendants motion requesting the Court order plaintiff file a complaint in this action.

    Respectfully submitted,

    NEVILLE PETERSON LLP
    Counsel for Plaintiff

    One Exchange Plaza
    55 Broadway, Suite 2602
    New York, NY 10006

    T: (212) 635-2730
    F: (212) 635-2734

    /s/ John M. Peterson
    John M. Peterson
    Patrick B. Klein