UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SECOND NATURE DESIGNS, LTD., | |
| Plaintiff, | Court No. 18-00131 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT UNITED STATES

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant (the Government), responds to the allegations of plaintiff's, Second Nature Designs, Ltd. (Second Nature), complaint as follows:

1. Denies for lack of knowledge or information sufficient to form a belief as to whether the merchandise covered by the protest and entries identified on the amended summons (the subject merchandise) consists of "dried botanicals that are painted, dyed or glittered." Admits that the remainder of the allegation consists of a statement of plaintiff's legal claim, but denies its validity.

### JURISDICTION[1]

2. Admits the first two sentences of this paragraph. The allegation in the third sentence of the paragraph consists of legal argument and/or conclusions of law to which no response is required.

---

[1] For ease of reference, we have included the headings and subheadings used by plaintiff in its complaint. However, because they do not constitute allegations, no response is required. Further, no inference should be made that defendant agrees with any characterization in such headings and subheadings.

## PARTIES

3. Admits the first sentence, and that plaintiff is located in Rockton, Ontario, and that it is the importer of record for the imported merchandise. Denies the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

4. Admits the first sentence and admits that U.S. Customs and Border Protection (CBP or Customs) is a component of the Department of Homeland Security. For the remainder, admits to the extent supported by the statutory provisions cited, which are the best evidence of their contents; otherwise denies.

## STANDING

5. The allegation that plaintiff is "the real party in interest" consists of legal argument and/or conclusions of law to which no response is required. Admits the remainder of the paragraph.

## STATEMENT OF FACTS

6. Admits that some styles of the subject merchandise are arranged into bouquets. Denies the remainder of the paragraph for lack of knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

7. For the first sentence, admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity. For the second sentence, admits that goods classified in subheading 0604.90.30 of the Harmonized Tariff Schedule of the United States (HTSUS) entered free of duty during the relevant time period, and denies the remainder.

8. For the first sentence, admits that Second Nature imported the subject merchandise from July 11, 2016 to December 23, 2016 at the Ports of Buffalo, New York,

Detroit, Michigan and Huron, Michigan under cover of the Customs consumption entries shown on the amended summons in this case. Regarding the second sentence, admits that CBP classified some of the merchandise covered by these entries upon liquidation under subheading 0604.90.60, HTSUS, and assessed duties at a rate of 7 percent *ad valorem*. Admits the accuracy of the quotation of subheading 0604.90.60, HTSUS, to the extent support by the tariff statute, otherwise denies. Denies the remainder of the second sentence.

9. Admits the first sentence. Admits the second sentence to the extent supported by the protest, which provides the best evidence of its contents; otherwise denies the second sentence.

10. Admits.

## COUNT 1

11. The responses to Paragraphs 1 through 10 are incorporated by reference as though fully set forth herein.

12. For the first sentence, admits that CBP classified some of the merchandise covered by these entries upon liquidation under subheading 0604.90.60, HTSUS, which carries a duty rate of 7 percent *ad valorem*. Admits the accuracy of the quotation of subheading 0604.90.60, HTSUS, to the extent support by the tariff statute, otherwise denies. Otherwise, denies the first sentence. For the second sentence, admits that goods classified in subheading 0604.90.60 of the HTSUS were assessed duties at the rate of 7 percent *ad valorem* during the relevant time period. Denies the remainder of the paragraph.

13. The allegations in this paragraph set forth a legal conclusion or argument and no response is required. To the extent a response is necessary, denies.

14. The allegations in this paragraph set forth a legal conclusion or argument and no response is required. To the extent a response is necessary, denies.

15. The allegations in this paragraph set forth a legal conclusion or argument and no response is required. To the extent a response is necessary, denies.

16. Admits to the extent supported by Note 2 to Chapter 6 of the HTSUS, which is the best evidence of its contents; otherwise denies.

17. The allegations in this paragraph set forth a legal conclusion or argument and no response is required. To the extent a response is necessary, denies.

## PLAINTIFF'S PRAYER FOR RELIEF

The paragraphs captioned "Prayer for Relief" constitute Second Nature's prayer for relief, to which no response is required. To the extent a response is required, denies that Second Nature is entitled to the relief requested.

## COUNTERCLAIM

Pursuant to Rule 13(a) of the Rules of the United States Court of International Trade (USCIT), the United States, through CBP, alleges the following counterclaim:

## CAUSE OF ACTION[2]

---

[2] The Government notes the Court's recent decisions in *Second Nature Designs, Ltd. v. United States*, 586 F.Supp.3d 1334 (Ct. Int'l Trade 2022) and *Cyber Power Systems (USA) Inc. v. United States*, 586 F.Supp.3d 1325 (Ct. Int'l Trade 2022), in which the Court held that the Government lacks a cause of action to assert counterclaims for underpaid duty on the same merchandise for which plaintiff claims a duty refund. Although the Court in both cases redenominated the Government's counterclaims as defenses, we assert a counterclaim in this case, asking the Court to order CBP to reliquidate the subject entries under subheading 6702.90.65, HTSUS, at a duty rate of 17 percent *ad valorem*, to preserve our rights, should this legal question be appealed.

1. Defendant/Counterclaim-Plaintiff, United States, brings this counterclaim pursuant to 19 U.S.C. §§ 1503, 1505(b) & (c), the tariff code (19 U.S.C. § 1202 *et seq*.), and 28 U.S.C. §§ 1582(3), 1583, 2643(b) & (c), seeking an order from the Court reclassifying 44 styles of the subject merchandise, identified in paragraph 9 of this counterclaim, under subheading 6702.90.65, HTSUS, which carries a duty rate of 17 percent *ad valorem*. Pursuant to this reclassification of the imported merchandise, the Government seeks the recovery of additional duties owed, plus interest as provided by law, including interest pursuant to 19 U.S.C. § 1505(b), (c), and all pre- and post-judgment interest provided by law, from Second Nature.

## JURISDICTION

2. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1582(3) and 1583.

## PARTIES

3. Plaintiff/Counterclaim-Defendant, Second Nature Designs, Ltd., is a corporation organized under the laws of Canada and located in Rockton, Ontario.

4. Second Nature is the importer of record for the merchandise covered by the protest and entries identified on the amended summons for this case.

5. Defendant/Counterclaim-Plaintiff, the United States, through CBP, is charged with enforcing the HTSUS, including classifying goods imported into the United States.

## STATEMENT OF FACTS

6. The subject merchandise consists of hundreds of different decorative items identified by unique combinations of product descriptions and item numbers.

7. CBP classified the subject merchandise at liquidation, based on the entry documentation filed by the importer or broker, as "Foliage, branches and other parts of plants,

without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: Other: Other," under subheading 0604.90.60, HTSUS, which carries a duty rate of 7 percent *ad valorem*.

8. A review of the invoices associated with the entries identified on the amended summons shows that at least 44 product styles of the subject merchandise of this case bear the same combination of product descriptions and item number as 44 product styles currently at issue in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271.

9. These 44 product styles are identified as follows:

|    | PRODUCT DESCRIPTION | ITEM NO. |
|----|---------------------|----------|
| 1  | Apple - Stemmed Orange - Consumer Pack | 10040 |
| 2  | Apple - Stemmed Red - Consumer Pack | 10040 |
| 3  | Apple - Stemmed Red - Consumer Pack | 3418 |
| 4  | Blossom Branch Natural Bouquet | 50230 |
| 5  | Coco Pumpkins - Flip Bag | 3509 |
| 6  | Coco Pumpkins - Stemmed - Value Pack | 3508 |
| 7  | Coco Pumpkins - Stemmed Natural - Value Pack | 3174 |
| 8  | Coco Pumpkins - Stemmed White - Consumer Pack | 3652 |
| 9  | Deco Flowers Natural - Value Pack | 16230 |
| 10 | Deco Flowers Orange - Value Pack | 16233 |
| 11 | Deco Flowers Red - Value Pack | 16235 |
| 12 | Deco Flowers Red - Value Pack | 16237 |
| 13 | Deco Flowers Red - Value Pack | 16235 |
| 14 | Deco Flowers Yellow - Value Pack | 16236 |
| 15 | Pumpkin / Root Ball Mix Orange - Jumbo Bag | 40180 |
| 16 | Pumpkin Heads Orange - Flip Bag | 40793 |
| 17 | Pumpkin Heads White - Flip Bag | 3662 |
| 18 | Pumpkins - Stemmed Orange - Bulk Pack | 13900 |
| 19 | Pumpkins - Stemmed Orange - Consumer Pack | 13940 |
| 20 | Pumpkins - Stemmed Orange - Consumer Pack | 13949 |
| 21 | Pumpkins - Stemmed Orange - Value Pack | 13930 |
| 22 | Pumpkins - Stemmed White - Consumer Pack | 3575 |

| 23 | Pumpkins - Stemmed White - Value Pack | 3552 |
| --- | --- | --- |
| 24 | Pumpkins on Stick (ordered as #13933) | 13930 |
| 25 | Snow Berries - Red Glittered | 00696 |
| 26 | Sola Berries Gold Glitter - Consumer Pack | 65041 |
| 27 | Sola Berries Red Glitter - Consumer Pack | 696 |
| 28 | Sola Berries Silver Glitter - Consumer Pack | 65043 |
| 29 | Sola Berries SN Assorted Christmas - Consumer Pack | 1262 |
| 30 | 39" Moss & Flower Mahogany - Bouquet | 1086 |
| 31 | Bamboo Flower Mix Natural - Value Pack | 3477 |
| 32 | Bamboo Flower Mix Orange - Value Pack | 3479 |
| 33 | Bamboo Flower Mix Red - Value Pack | 3478 |
| 34 | Bamboo Flower Mix Yellow - Value Pack | 3480 |
| 35 | Blossom Branch Natural Bouquet | 50230 |
| 36 | Blossom Branch Orange - Bouquet | 922 |
| 37 | Blossom Branch Red - Bouquet | 594 |
| 38 | Palm Bushy with Twigs Yellow - Bouquet | 3745 |
| 39 | Palm Lily with Jute Twist Turquoise - Bouquet | 3750 |
| 40 | Pumpkin/Root Ball Mix Orange - Jumbo Bag | 40180 |
| 41 | Trick or Treat - Bouquet | 57170 |
| 42 | Urban Beach House - Bouquet | 3343 |
| 43 | Wedding Bells - Bouquet | 4088 |
| 44 | Wood (Deco) Rose Flower Bleach - Value Pack | 3096 |

10. As we allege further below, the subject merchandise identified by these 44 product styles are properly classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other," at a duty rate of 17 percent *ad valorem*.

## Group One Product Styles

11. In *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product styles identified by the combination of the product descriptions and item numbers reflected in lines 1 through 29 of the table set forth in paragraph 9 consist of articles that are handmade, using metal wire, tape, or glue to affix various dried plant materials into shapes resembling flowers or fruit.

7

12. For example, in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product style that is identified on the invoices by both the product description of "Deco Flowers Yellow – Value Pack" and Item No. 16236, is comprised of articles handmade to resemble flowers, made by cutting palm reed into the shape of petals, which are then dyed and affixed onto a dried thistle and a bamboo stem with tape and wire. A photograph of this style is reflected below:



13. As a second example, in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product style that is identified on the invoices by both the product description of "Pumpkins – Stemmed Orange – Consumer Pack" and Item No. 3229, is comprised of articles handmade to resemble pumpkins on a stick, made by gluing thin strips of orange dyed palm leaf (*Borassus flabellifer*) around papier-mâché

together into the shape of pumpkins. A pine twig (genus *Podocarpus* L'Hér. Ex Pers.) is added as a stem. A photograph of this style is reflected below:



14. In *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that certain styles of the imported merchandise would serve as representative styles for the Court to determine the appropriate tariff classification for the product styles identified by the combination of the product descriptions and item numbers reflected in lines 1 through 29 of the table set forth in paragraph 9. Two of these representative styles are (1) the product style identified by the product description of "Deco Flowers Yellow – Value Pack" and Item No. 16236, and (2) the product style identified by the product description of "Pumpkins – Stemmed Orange – Consumer Pack" and Item No. 3229.

15. Rule 1 of the General Rules of Interpretation (GRI 1) for the HTSUS provides, in relevant part, that "for legal purposes, classification shall be determined according to the terms of

9

the headings and any relative section or chapter notes and, provided such headings or notes do not otherwise require, according to the {remaining GRIs.}"

16. The imported merchandise reflected in lines 1 through 29 of the table set forth in paragraph 9 are *prima facie* classifiable under headings 0604 and 6702.

17. GRI 3(a) provides, in part, that when "goods are, *prima facie*, classifiable under two or more headings, classification shall be effected as follows:

> (a) The heading which provides the most specific description shall be preferred to headings providing a more general description. However, when two or more headings each refer to part only of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, those headings are to be regarded as equally specific in relation to those goods, even if one of them give a more complete or precise description of the goods."

18. The heading that provides the most specific description for the imported merchandise reflected in lines 1 through 29 of the table set forth in paragraph 9 is heading 6702, HTSUS, which provides for "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit."

19. Consequently, by application of GRI 3(a), the imported merchandise reflected in lines 1 through 29 of the table set forth in paragraph 9 are properly classified in heading 6702, HTSUS.

20. GRI 6 provides as follows:

> For legal purposes, the classification of goods in the subheadings of a heading shall be determined according to the terms of those subheadings and any related subheading notes and, mutatis mutandis, to the above rules, on the understanding that only subheadings at the same level are comparable. For the purposes of this rule, the relative section, chapter and subchapter notes also apply, unless the context otherwise requires.

21. Heading 6702, HTSUS, includes the following subheadings:

| 6702 | | | Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: |
|---|---|---|---|
| 6702.10 | | | Of plastics: |
| 6702.10.20 | 00 | | Assembled by binding with flexible materials such as wire, paper, textile materials, or foil, or by gluing or by similar methods.................................................................. |
| 6702.10.40 | 00 | | Other, including parts........................................................ |
| 6702.90 | | | Of other materials: |
| 6702.90.10 | 00 | | Of feathers........................................................................ |
| | | | Other: |
| 6702.90.35 | 00 | | Of man-made fibers.......................................................... |
| 6702.90.65 | 00 | | Other................................................................................. |

22. Among the subheadings of heading 6702, HTSUS, the imported merchandise reflected in lines 1 through 29 of the table set forth in paragraph 9 are described by the terms of subheading 6702.90.65, HTSUS, which provides for "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other."

23. By application of GRIs 1, 3(a) and 6 of the HTSUS, the imported merchandise reflected in lines 1 through 29 of the table set forth in paragraph 9 are properly classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other," at a duty rate of 17 percent *ad valorem*.

**Group Two Product Styles**

24.     In *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product styles identified by the unique combinations of product description names and item numbers reflected in lines 30 through 44 of the table set forth in paragraph 9 consist of more than one type of item.

25.     For example, in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product style that is identified on the invoices by the product description of "Pumpkin / Root Ball Mix Orange - Jumbo Bag" and Item No. 40180, is comprised of the following components:

- Six articles handmade by gluing thin strips of orange dyed palm leaf (*Borassus flabellifer*) around papier-mâché together into the shape of pumpkins; a pine twig (genus *Podocarpus* L'Hér. ex Pers.) is also added as a stem ($0.1300 USD per unit; $0.7800 USD total for item);
- Six 6cm root balls, which are articles made by plaiting roots from a palm tree (*Borassus flabellifer*) into the shape of a ball that is 6cm in diameter ($0.0672 USD per unit; $0.4032 USD total for item); and
- Six 8cm root balls, which are articles made by plaiting roots from a palm tree (*Borassus flabellifer*) into the shape of a ball that is 8cm in diameter ($0.1054 USD per unit; $0.6851 USD total for item).
- A photograph of this style is reflected below:



26. As a second example, in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that the product style that is identified on the invoices by the product description of "Trick or Treat – Bouquet" and Item No. 57170, is comprised of the following components:

- Three "jay" (*Cornus racemosa*) branches, dried and covered in black glitter ($0.1048 USD per unit; $0.3668 USD total for item);
- One "mitsumata" (*Crescentia Alata*) branch, bleached and covered in orange glitter ($0.3700 USD per unit and total for item);
- One "mintolla" (*Cerbera odollam*) seed impaled on a stick and covered in glitter ($0.0895 USD per unit and total for item); and
- One handmade article resembling a branch with roses, made by cutting thin strips of wood into the shape of flower petals and gluing them together to resemble a flower, then dying and glittering them, and gluing them onto a branch ($0.3900 USD per unit and total for item).
- A photograph of this style is reflected below:



27.     In *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, Second Nature and the Government agreed that certain styles of the imported merchandise would serve as representative styles for the Court to determine the appropriate tariff classification for the product styles identified by both the product names and item numbers reflected in lines 30 through 44 of the table set forth in paragraph 9.  Two of these representative styles are (1) the product style identified by the product description of "Pumpkin / Root Ball Mix Orange - Jumbo Bag" and Item No. 40180, and (2) the product style identified by the product description of "Trick or Treat – Bouquet" and Item No. 57170.

28.     The imported merchandise reflected in lines 30 through 44 of the table set forth in paragraph 9 consist of "mixtures," or "composite goods consisting of different materials or made up of different components," or "goods put up in sets for retail sale."  GRI 3(b).

14

29. GRI 3(b) provides as follows:

> Mixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale, which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable.

30. The material or component that imparts the essential character for the imported merchandise reflected in lines 30 through 44 of the table set forth in paragraph 9 is the artificial flower, foliage, or fruit component of the product, which if imported separately, would be classified under subheading 6702.90.65, HTSUS.

31. Consequently, by application of GRI 3(b), the imported merchandise reflected in lines 30 through 44 of the table set forth in paragraph 9 is classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other," at a duty rate of 17 percent *ad valorem*.

## PRAYER FOR RELIEF

**WHEREFORE**, defendant respectfully requests that this Court grant judgment in its favor, and further requests that this Court:

> i. Dismiss plaintiff's claims;
> ii. Enter judgment for defendant and order the reliquidation of all subject entries containing any of the subject product styles that are identified in defendant's counterclaim above, reclassifying these product styles in these entries under subheading 6702.90.65, HTSUS, at a duty rate of 17 percent *ad valorem*;
>
> iii. Order Second Nature Designs, Ltd. to pay all additional duties, taxes, and fees determined to be due on reliquidation, with interest as provided for by law, including but not limited to interest pursuant to 19 U.S.C. § 1505(b)-(c), and all pre- and post-judgment interest provided by law; and

    iv. Grant defendant such other and further relief as may be just and appropriate.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        PATRICIA M. McCARTHY
                                        Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Brandon A. Kennedy
        BRANDON A. KENNEDY
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, New York 10278
        (212) 264-9237

Dated: February 14, 2023         *Attorneys for Defendant*