**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. GARY S. KATZMANN, JUDGE**
-------------------------------------------------------------------- X
SECOND NATURE DESIGNS LTD.,                              :
                                                        :
        **Plaintiff,**                          :
                                                        :
        *v.*                                   :        **No. 18-cv-00131**
                                                        :
UNITED STATES,                                          :
                                                        :
        **Defendant.**                         :
-------------------------------------------------------------------- X

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND SEVER ENTRY 551-72801710

NEVILLE PETERSON LLP

John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated:  March 2, 2023

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ...........................................................................................................2

ARGUMENT ...................................................................................................................3

I.  Defendant's Counterclaim is Barred by the Finality of Liquidation Set Out in 19 U.S.C. § 1514(a). ...................................................................................................................3

    A.  Entry and Liquidation Process. ...........................................................................3

    B.  Finality of Liquidation Pursuant to 19 U.S.C. § 1514(a).....................................5

    C.  Exceptions to Finality of Liquidation Under 19 U.S.C. § 1514(a) Do Not Apply to the Government's Unfounded Counterclaim. .......................................................7

        1.  "Unless a Protest is Filed in Accordance With This Section[.]" ................7

        2.  "[A] Civil Action Contesting the Denial of a Protest, in Whole or in Part, is Commenced in the [CIT] in Accordance With Chapter 169 of Title 28 Within the Time Prescribed by Section 2636 of that Title." ..........9

        3.  Penalty and Withheld Duty Actions Under 19 U.S.C. § 1592.................11

II.  28 U.S.C. § 1583 is a Jurisdictional Grant and Creates No Cause of Action. ...................14

III.  28 U.S.C. § 1582(3) is a Jurisdictional Provision and Does Not Confer a Cause of Action for the Government's Counterclaim. ...................................................................19

    A.  Recent Opinions from this Court Agree with Plaintiff's Interpretation ...............20

IV.  Entry 551-72801710 Should be Severed and Dismissed From This Case. ......................22

CONCLUSION...............................................................................................................23

## **TABLE OF AUTHORITIES**

**Cases**

*3V Inc. v. United States*, 23 C.I.T. 1047 (1999)....................................................... 10, 22

*Aegis Sec. Ins. Co. v. United States,* 422 F. Supp. 3d 1328 (Ct. Int'l Tr. 2019)...................... 6, 12

*Allegheny Bradford Corp. v. United States*, 28 C.I.T. 603 (2004) ............................................ 14

*Apple Inc. v. United States*, 375 F. Supp. 3d 1288 (Ct. Int'l Tr. 2019) ...................................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 16

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................ 16

*Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022) ............................................................................................................ 20, 21

*Davis v. Passman*, 442 U.S. 228 (1979) ....................................................................... 18

*Dollar Trading Corp. v. United States*, 67 Cust. Ct. 308 (1971)................................................ 10

*Fletcher v. United States*, 25 C.C.P.A. 195 (1937)............................................................. 10

*Hammond Lead Products Inc. v. United States*, 61 Cust. Ct. 137 (1968) ....................................... 10

*Hernandez v. Mesa*, 140 S.Ct. 735 (2020) ................................................................. 18, 19

*Home Prods. Int'l v. United States*, 405 F. Supp 3d 1368 (Ct. Int'l Tr. 2019)............................... 14

*Hylsa, S.A. de C.V.*, 31 C.I.T. 52 (2007)....................................................................... 4

*Jarvis Clark II*, 739 F.2d 628 (Fed. Cir. 1984) ................................................................ 11

*Jarvis Clark Inc. v. United States*, 733 F.2d 878 (Fed. Cir. 1984) ............................................ 11

*Jesner v. Arab Bank PLC*, 138 S. Ct. 1386 (2018) .............................................................. 19

*Mullin Indus. Diamond Corp. v. United States*, 53 Cust. Ct. 17 (1964)........................................ 10

*Second Nature Designs, Ltd. v. United State*s, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022)......................................................................................................... 20, 22

*Shinyei Corp. of America Inc. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004)....................... 14

*Tikal Distrib. Corp. v. United States*, 24 C.I.T. 149 (2000) ........................................ 14, 15, 16

*United States v. Active Frontier Inc.*, 2018 Ct. Int'l Tr. LEXIS 61 (2018) .............................. 13

*United States v. Country Flavor Co,*, 36 C.I.T. 378 (2012).................................................... 13

*United States v. Ford Motor Co*., 463 F.3d 1286 (Fed. Cir. 2006)............................................. 12

*United States v. Ford Motor Co*., 497 F.3d 1331 (Fed. Cir. 2007).............................................. 13

*United States v. Inn Foods Inc*., 560 F.3d 1338 (Fed. Cir. 2007).............................................. 13

*United States v. Tenacious Holdings Inc.,* 917 F. Supp. 2d 1322 (Ct. Int'l Tr. 2013) ................. 16

*W.A. Force & Co. v. United States*, 24 Cust. Ct. 140 (1950). .................................................. 10

*W.A. Taylor & Co. v. United States*, 33 Cust. Ct. 246 (1954) ................................................. 10

*Zenith Radio Corp. v. United States,* 710 F.2d 806 (Fed. Cir. 1983) .......................................... 4

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). ..................................................................... 19

**Statutes**

19 U.S.C. § 1202.......................................................................................... 21, 22

19 U.S.C. § 1484.............................................................................................. 3

19 U.S.C. § 1500............................................................................................ 3, 4

19 U.S.C. § 1501............................................................................................ 5, 8

19 U.S.C. § 1503.............................................................................................. 22

19 U.S.C. § 1504.............................................................................................. 4

19 U.S.C. § 1505.............................................................................................. 22

19 U.S.C. § 1514....................................................................................... passim

19 U.S.C. § 1515........................................................................................ 8, 9, 10

19 U.S.C. § 1516 ................................................................................................ 11
19 U.S.C. § 1592 ......................................................................................... passim
28 U.S.C. § 1581 ................................................................................... 9, 10, 11
28 U.S.C. § 1582 ......................................................................... 12, 19, 20, 22
28 U.S.C. § 1583 ......................................................................................... passim
28 U.S.C. § 2637 ................................................................................................ 16
28 U.S.C. § 2643 ................................................................................................ 22

**Other Authorities**

H. Rep. 96-1235, 96th Cong., 2d Sess. ................................................... 18, 20

*Hearings Before the Subcommittee on Monopolies and Commercial Law, Committee on the Judiciary, House of Representatives*, 96th Cong., 2d Sess. on H.R. 6394 (February 13 and 28, 1980) ......................................................................... 17

**Regulations**

19 C.F.R. § 174.3 ................................................................................................ 7

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. GARY S. KATZMANN, JUDGE**

```
-------------------------------------------------------------------- X
SECOND NATURE DESIGNS LTD.,                  :
                                             :
            Plaintiff,                       :
                                             :
    v.                                       :         No. 18-cv-00131
                                             :
UNITED STATES,                               :
                                             :
            Defendant.                       :
-------------------------------------------------------------------- X
```

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND REDESIGNATE IT A DEFENSE UNDER COURT RULE 8(d)(2)

In accordance with Rules 7 and 12(b)(6) of the Rules of the United States Court of International Trade ("USCIT R."), plaintiff, Second Nature Designs, Ltd. ("Second Nature") moves to dismiss the counterclaim filed in this case by defendant, the United States, for failure to state a claim on which relief can be granted. Plaintiff further moves to designate the counterclaim as a defense, under such terms as the Court may dictate, pursuant to USCIT R. 8(d)(2). In addition, Plaintiff moves to dismiss entry 551-72801710 from this case because the merchandise included in the entry was entered duty free.

As discussed herein, the Government's counterclaim, based on  classifications not used by the Government during its final liquidation of the entries at issue, is barred by the statutory finality of liquidation set out in Section 514(a) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1514(a). The Government has identified no source or basis for its counterclaim cause of action.

## INTRODUCTION

Plaintiff's imported merchandise at issue consists of various dried botanicals. The goods at issue were liquidated under subheading, 0604.90.60, HTSUS and assessed with a 7% *ad valorem* duty rate by United States Customs and Border Protection ("CBP" or "Customs"). Plaintiff protested CBP's classification and asserted that the goods are properly classified under subheading 0604.90.30, HTSUS a duty free provision. Customs denied plaintiff's protest leading to this litigation. On September 26, 2022 plaintiff filed a complaint in this action (ECF 20). On February 14, 2023, CBP filed an Answer to plaintiff's Complaint and counterclaim (ECF 29), denying that the goods were subject to classification under subheading 0604.90.30, HTSUS. Defendant's counterclaim relates to 44 products identified from Court No. 17-271[1], split into two groups, for which under different classification methodologies, the Government believes are classifiable under subheading 6702.90.65, HTSUS " at a duty rate of 17 percent *ad valorem*.

However, as discussed herein, Defendant's counterclaim must be dismissed because CBP and DOJ are both equally bound by the finality of liquidation set out in 19 U.S.C. § 1514(a). The protest statute creates a right of action for private parties (importers) to recover excess duties collected by CBP. Congress did not create a right of action for CBP to recover additional duties in respect of entries which are liquidated and final, except in cases involving the recovery of "withheld duties" under 19 U.S.C. § 1592(d) in respect of goods which were entered, or attempted to be entered, by false statements or acts, in violation of the proscription set out in 19 U.S.C. § 1592(a). Those statutes are not involved in this case. Accordingly, Defendant's counterclaim must be dismissed. CBP appears to be challenging its own <u>final</u> liquidation determination of the

---

[1] This Court designated the Government's counterclaim in Court No. 17-271 as a defense and held that the Government lacks a statutory cause of action to assert a counterclaim against plaintiff. *See Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 1334 (Ct. Int'l Tr. 2022).

entries under subheading 0604.90.60, HTSUS and seeking to collect more duties than were assessed in the final liquidation.

The Government did not identify the statutory basis giving rise for its counterclaim cause of action— because there is none—but it still seeks collection of additional over and above that which CBP assessed in its liquidation decision.

## ARGUMENT

### I.   Defendant's Counterclaim is Barred by the Finality of Liquidation Set Out in 19 U.S.C. § 1514(a).

Defendant cannot plausibly plead a cause of action against Plaintiff to recover additional duties, since its proposed counterclaim is barred by the doctrine of finality of liquidation, as set forth in Section 514(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a). The Government's counterclaim does not fall within any of the statutory exceptions to the finality of liquidation. As Defendant has identified no basis for its claimed cause of action, its counterclaim seeking to recover additional duties must be dismissed.

### A.   Entry and Liquidation Process.

Section 484 of the Tariff Act of 1930, as amended 19 U.S.C. § 1484, requires the importer of record, using reasonable care, to make entry of merchandise imported into the U.S. A consumption entry must, *inter alia,* describe the goods and their country of origin, assert a classification for the goods under the HTSUS, declare a dutiable value, and be accompanied by the deposit of estimated duties with CBP.

Section 500 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1500, sets out the procedure whereby CBP officers are to ascertain the correct classification, value and rate and amount of duty on goods covered by an entry. It provides:

The Customs Service shall, under rules and regulations prescribed by the Secretary—

(a) fix the final appraisement of merchandise by ascertaining or estimating the value thereof, under section 1401a of this title, by all reasonable ways and means in his power, any statement of cost or costs of production in any invoice, affidavit, declaration, other document to the contrary notwithstanding;

(b) fix the final classification and rate of duty applicable to such merchandise;

(c) fix the final amount of duty to be paid on such merchandise and determine any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited;

(d) liquidate the entry and reconciliation, if any, of such merchandise; and

(e) give or transmit, pursuant to an electronic data interchange system, notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall by regulation prescribe.

19 U.S.C. § 1500. "Liquidation" of an entry is the final determination by CBP regarding the classification, appraised value, and rate and amount of duty applicable to the entry in question. *Zenith Radio Corp. v. United States,* 710 F.2d 806, 810 (Fed. Cir. 1983); *Hylsa, S.A. de C.V.*, 31 C.I.T. 52, 53 n.1 (2007).

The law establishes that CBP has up to one (1) year from the date of the entry (or withdrawal from warehouse, or reconciliation) to "liquidate" the import transaction; if CBP fails to act within that time, the entry is "deemed liquidated" at the classification, rate and appraised value asserted by the importer in its entry papers. 19 U.S.C. § 1504(a). CBP may—when, for instance, it requires additional information necessary to liquidate the entry, or when the importer requests and shows good cause therefor—"extend" liquidation of the entry for as many as three (3) one-year periods. 19 U.S.C. § 1504(b). This gives CBP as much as four (4) years to liquidate an entry of merchandise.

Section 501 of the Tariff Act, 19 U.S.C. § 1501, allows Customs to voluntarily "reliquidate" an entry within ninety (90) days of the original liquidation. Here, CBP did not take timely action to reliquidate any of the entries at bar.

### B.    Finality of Liquidation Pursuant to 19 U.S.C. § 1514(a).

Section 514(a) of the Tariff Act provides that liquidations and reliquidations become final as to both the importer and CBP officers unless certain actions are taken within 180 days after notice of the liquidation or reliquidation is given. The statute provides:

**Sec. 1514. Protest against decisions of Customs Service.**

(a) Finality of decisions; return of papers

Except as provided in subsection (b) of this section,[2] section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title[3]), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;

---

[2] Section 514(b) of the Tariff Act relates to certain decisions of the U.S. Department of Commerce in antidumping and countervailing duty proceedings which are not at issue here.

[3] Section 516 of the Tariff Act, relating to "domestic interested party" petitions, Section 520 of the Act relating to refunds, and the provisions of the Internal Revenue Code identified in Section 514(a) are not at issue in this action.

(5) **the liquidation or reliquidation of an entry**, or reconciliation as to the issues contained therein, or any modification thereof, **including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title**;

(6) the refusal to pay a claim for drawback; or

(7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title;

**shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title**. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

19 U.S.C. § 1514 (emphasis added). Liquidation decisions made in accordance with Section 514(a) are "final and conclusive upon all persons (including the United States and any officer thereof)," *id*., unless a private party invokes the only available exceptions to the finality of liquidation:

    (i)      the filing of a protest; and

    (ii)     the filing of an action in this Court to challenge the denial of a protest by CBP.

Neither of the Section 514(a) exceptions provide the Defendant here with a cause of action to recover duties in excess of those that it assessed against Plaintiff in liquidation.

A separate provision, set out in Section 592 of the Tariff Act, 19 U.S.C. § 1592(d), *does* give the Government a right to recover duties over and beyond those assessed in liquidation,[4] but that statute is not invoked by the Government here.

---

[4] *See e.g., United States v. Aegis Sec. Ins. Co.*, 422 F. Supp. 3d 1328, 1334 n.2 (Ct. Int'l Tr. 2019).

### C.  Exceptions to Finality of Liquidation Under 19 U.S.C. § 1514(a) Do Not Apply to the Government's Unfounded Counterclaim.

Statutory exceptions to the finality of liquidation provided in 19 U.S.C. § 1514(a) do not apply here. For good order's sake, we consider each of the statutory exceptions separately below.

### 1.  "Unless a Protest is Filed in Accordance With This Section[.]"

The timely filing of a protest under 19 U.S.C. § 1514(a) constitutes an exception to the finality of liquidation but in litigation, the only one who can invoke this protest exception is the private party who protested CBP's liquidation determination and asserted the right to a refund of excess duties assessed by CBP in liquidation.[5] CBP cannot collect assessed duties from an importer at the rate and amount the agency itself determined appropriate in liquidation, and then counterclaim under the identical statute invoked by the plaintiff to seek duties in excess of what it determined was proper, due and owing in liquidation. The Government is in effect asserting a

---

[5] Thus, Section 174.3(a) of the Customs Regulations, 19 C.F.R. § 174.3(a), provides:

> § 174.12   Filing of protests.
>
> (a) By whom filed. Protests may be filed by:
>
> > (1) The importer or consignee shown on the entry papers, or their sureties;
> >
> > (2) Any person paying or receiving a refund of any charge or exaction;
> >
> > (3) Any person seeking entry or delivery;
> >
> > (4) Any person filing a claim for drawback;
> >
> > (5) With respect to a determination of origin under subpart G of part 181 of this chapter, any exporter or producer of the merchandise subject to that determination, if the exporter or producer completed and signed a Certificate of Origin covering the merchandise as provided for in §181.11(a) of this chapter; or
> >
> > (6) Any authorized agent of any of the persons described in paragraphs (a) (1) through (5) of this section, subject to the provisions of § 174.3.

counterclaim against itself, and its own final liquidation decision. The law provides no basis for CBP to do this.

Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, prescribes the actions to be taken by CBP officer with respect to protests, providing (emphasis added):

> Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and **shall allow or deny** such protest in whole or in part. Thereafter, any duties, charge, or exaction found to have been assessed or collected in excess shall be remitted or refunded and any drawback found due shall be paid. Upon the request of the protesting party, filed within the time allowed for the filing of a protest under section 1514 of this title, a protest may be subject to further review by another appropriate customs officer, under the circumstances and in the form and manner that may be prescribed by the Secretary in regulations, but subject to the two-year limitation prescribed in the first sentence of this subsection. Within 30 days from the date an application for further review is filed, the appropriate customs officer shall allow or deny the application and, if allowed, the protest shall be forwarded to the customs officer who will be conducting the further review. Notice of the denial of any protest shall be mailed in the form and manner prescribed by the Secretary. Such notice shall include a statement of the reasons for the denial, as well as a statement informing the protesting party of his right to file a civil action contesting the denial of a protest under section 1514 of this title.

Thus, CBP's rights and powers in the event of the filing of a protest are limited—the agency can either (i) <u>allow the protest</u>, in which case "any duties, charges, or exactions found to have been assessed or collected in excess shall be remitted or refunded"; or it can (ii) <u>deny the protest</u>, in which case it leaves its original liquidation decision intact and advises the protestant of its right to file an action in this Court contesting the denial of its protest. <u>Nothing in the protest statute empowers CBP to change its liquidation decision after a lawsuit is commenced against it</u>. Likewise, <u>Section 515 provides no authorization for Government counsel to disregard the liquidation decision it is required to defend, nor to demand increased or additional duties from the protestant, once the 90-day reliquidation period set out in 19 U.S.C. § 1501 has passed</u>.

While the filing of a protest provides a basis for unsetting the finality of liquidation of an entry under Section 514(a) for the protestant, this exception to the finality of liquidation nowhere grants Government counsel a cause of action to disrupt the final liquidation decision of its client, CBP, to seek additional duties from the Plaintiff importer. Thus, the statute clearly allows a downward departure from the liquidated assessment, but the Government is granted no power, authority, or cause of action to make an upward departure from CBP's final liquidation decision.

> **2.     "[A] Civil Action Contesting the Denial of a Protest, in Whole or in Part, is Commenced in the [CIT] in Accordance With Chapter 169 of Title 28 Within the Time Prescribed by Section 2636 of that Title."**

The second exception to finality of liquidation identified in 19 U.S.C. § 1514(a) arises where an action is filed in this Court to contest the denial of a protest. Section 515(a) of the Tariff Act indicates that where CBP denies a protest in whole or part, its notice of the decision to the protesting party must include "a statement informing the protesting party of his **right** to file a civil action contesting the denial of a protest under section 1514 of this title." 19 U.S.C. § 1515(a) (emphasis added). The right to file such a 28 U.S.C. § 1581(a) action belongs solely to the protesting party, and never to the Government. The Government has no statutory basis to support a cause of action to pursue a claim for more duties than CBP assessed in liquidation.

Predictably, the remedies available in an action brought under 28 U.S.C. § 1581(a) are exclusively available to the private protesting party. And while the Court may order any form of relief suitable to the action, the most common form of relief granted to a successful plaintiff in a § 1581(a) action is an order directing CBP to reliquidate the entries with a refund of liquidated duties, taxes and charges collected in excess. Nothing in Section 515 provides CBP with a cause of action to seek additional duties over and above those assessed by CBP in liquidation.

Indeed, the *sine qua non* of most protest denial actions commenced pursuant to 19 U.S.C

§ 1515 and 28 U.S.C. § 1581(a) is the recovery, by a private plaintiff, of excess monies paid to the

Government[6]. This Court has held that a plaintiff does not state a justiciable "case in controversy"

in a protest case unless it is seeking monetary relief in the form of a refund of duties. *See e.g., 3V*

*Inc. v. United States*, 23 C.I.T. 1047, 1049-52 (1999); *see also Apple Inc. v. United States*, 375 F.

Supp. 3d 1288 (Ct. Int'l Tr. 2019), *aff'd*, 964 F.3d 1087 (Fed Cir. 2020). The Courts have also

ruled that, in a protest case, a rate of duty may not be protested as being too low. This rule was

established in *Fletcher v. United States*, 25 C.C.P.A. 195 (1937), where the appellate court held:

> It is reasonable to conclude from all the facts heretofore cited that Congress at no
> time since the enactment of the Tariff Act of 1930 intended that an importer might
> protest a rate of duty as being too low and certainly its amendment of the Tariff Act
> of 1930 in the manner above stated would not suggest that a right existed in an
> American producer to import goods and then challenge the correctness of a lower
> rate of duty than that which is claimed to be proper.

*Id.* at 200. This rule has been repeatedly acknowledged. *See e.g.*, *Dollar Trading Corp. v. United*

*States*, 67 Cust. Ct. 308, 315 (1971); *Hammond Lead Products Inc. v. United States*, 61 Cust. Ct.

137, 142 n.5 (1968); *Mullin Indus. Diamond Corp. v. United States*, 53 Cust. Ct. 17, 20 (1964);

*W.A. Taylor & Co. v. United States*, 33 Cust. Ct. 246, 249-250 (1954); *W.A. Force & Co. v. United*

*States*, 24 Cust. Ct. 140, 145 (1950).

The Government obviously lacks standing to bring a protest denial action, and aside from

Sections 501 and 592(d) of the Tariff Act—neither of which are relevant here—the law does not

empower CBP with a cause of action to counterclaim against itself and its own final agency action,

---

[6] While protest actions challenging the exclusion of merchandise may not involve a monetary recovery, they
seek exclusively to convey a benefit on the private litigant.

or to challenge or alter its own liquidation decision, or to demand the payment of additional monies.[7]

While this Court has an obligation under *Jarvis Clark Inc. v. United States*, 733 F.2d 878 (Fed. Cir. 1984) to find the "correct" result, even if not advocated by the parties, this does not mean that a judgment would be entered for the Government in the event the correct result was found to be a classification of appraisement carrying a higher duty assessment than in liquidation. Indeed, as the Federal Circuit in *Jarvis Clark* indicated in denying reconsideration, <u>the *Jarvis Clark* rule was intended to provide decisions that were useful for importers and the Government in the treatment of *future transactions*</u>. *Jarvis Clark Inc. v. United States*  739 F.2d 628 (Fed. Cir. 1984)). *Jarvis Clark* eliminated the "dual burden of proof" that once was imposed on protestants; while it authorized the courts to issue declaratory judgments proclaiming the correct classification of merchandise, as a guide to importers in *future transactions.* The *Jarvis Clark* rule did not confer on the Government a new cause of action to recover monies beyond those previously assessed in liquidation (and required to be paid by the importer as a condition of bringing suit).

Thus, the second exception to finality of liquidation set out in 19 U.S.C. § 1514(a)—the bringing of suit to challenge CBP's denial of a protest—does not provide the Government with a cause of action to seek to collect from the plaintiff duties in excess of those assessed at liquidation.

### 3.    Penalty and Withheld Duty Actions Under 19 U.S.C. § 1592.

The last exception to the finality of liquidation of 19 U.S.C. § 1514(a) exists in Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592, which provides for the assessment of civil penalties, and recovery of "withheld duties" in cases where an importer or other person has

---

[7] While a "domestic interested party" may file a petition with CBP and thereafter file a "domestic interested party protest" in this court, *see* 19 U.S.C. § 1516, 28 U.S.C. § 1581(b), these statutes do not grant a cause of action to the Government.

made entry of merchandise by means of false and material statements or actions, whether by negligence, gross negligence or intentional fraud. However, Section 592 does not empower the Government unilaterally to set aside a liquidation or assess any additional duties in excess of those assessed in liquidation. The power to order payment of additional duties in such cases rests solely with this Court.

Section 592(d) of the Act provides an exception to the 19 U.S.C. § 1514(a) finality of liquidation rule for the collection of "withheld duties" resulting from violation of the proscriptions set out in Section 592(a), which provides:

> **(d) Deprivation of lawful duties, taxes, or fees**
>
> **Notwithstanding section 1514 of this title,** if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

19 U.S.C. § 1592(d) (emphasis added).

Neither the statute nor CBP's regulations specify the manner in which the lawful duties, taxes or fees "shall … be restored." *Id.* There is no statutory authority to re-liquidate entries in such cases, and the Federal Circuit has suggested that a demand for restoration of such duties does not constitute a reliquidation against which a protest might be lodged. *See United States v. Ford Motor Co.,* 463 F.3d 1286, 1297 (Fed. Cir. 2006). But Section 592(d) clearly does give CBP a cause of action to collect additional duties notwithstanding the finality of liquidation in Section 514(a).[8] Actions to recover Section 592(a) penalties and Section 592(d) withheld duties are entertained by this Court under 28 U.S.C. §§ 1582(1) and (3).[9]

---

[8] In *Aegis Sec. Ins. Co. v. United States,* 422 F. Supp. 3d 1328, 1334 n.2 (Ct. Int'l Tr. 2019), the court noted that the 19 U.S.C. § 1514(a) finality of liquidations does not bar an action for collection of unpaid or withheld duties.

[9] 28 U.S.C. § 1582 provides:

The Court reviews *de novo* the existence of a Section 592(a) violation, and the amount of penalty to be assessed.[10] It will also review *de novo* the amount of "withheld duties" to be assessed, *see United States v. Country Flavor Co.,* 36 C.I.T. 378, 382-83 (2012), but has held that when a violation of Section 592(a) is shown, it has no discretion regarding the award of "withheld duties" to the Government. *Id*; *see also United States v. Inn Foods Inc*., 560 F.3d 1338, 1348 (Fed. Cir. 2007).

However, while Section 592(d) provides an exception to the 19 U.S.C. § 1514(a) finality of liquidation rule,[11] and provides the Government with a cause of action to recover additional duties irrespective of the statutory finality of liquidation, the <u>Government's cause of action accrues only where the importer is alleged to have made false statements, or engaged in false practices, in the entry of merchandise</u> in a manner violative of Section 592(a). 19 U.S.C. § 1592(a). Defendant's counterclaim does not assert Section 592 violations occurred, nor plead any of the elements of a Section 592(a) violation.

The Trade Courts have also recognized that 19 U.S.C. § 1514(a) provides for finality with respect to CBP's determinations and neither deprives this Court of authority to correct errors made

---

The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—

(1) to recover a civil penalty under section 592, 593A, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930;

(2) to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or

(3) to recover customs duties.

[10] *See e.g*., *United States v. Active Frontier Inc*., 2018 Ct. Int'l Tr. LEXIS 61, *7-8 (2018).

[11] In certain cases, finality of liquidation can bar recovery of withheld duties. *See e.g., United States v. Ford Motor Co*., 497 F.3d 1331, 1338 (Fed. Cir. 2007) (withheld duties not recoverable under § 592(d) where CBP allowed entries to be deemed liquidated by operation of law).

by the Commerce Department,[12] nor deprives it of the power to cure violations of court orders. *Allegheny Bradford Corp. v. United States*, 28 C.I.T. 603, 610 (2004); *see also e.g., Home Prods. Int'l v. United States*, 405 F. Supp 3d 1368, 1373 (Ct. Int'l Tr. 2019), *aff'd*, 846 Fed Appx. 890 (Fed. Cir. 2021). Obviously, none of these circumstances are implicated here.

This returns us to the original question: <u>What statutory basis supports the Government's asserted cause of action for its counterclaim in this case? Plaintiff contends none exists.</u> For that reason, Plaintiff submits that the Government's counterclaim must be dismissed for failure to state a claim on which relief can be granted under USCIT R. 12(b)(6).

## II.    28 U.S.C. § 1583 is a Jurisdictional Grant and Creates No Cause of Action.

While this Court has jurisdiction over actions brought to assert counterclaims under 28 U.S.C. § 1583, that statute does not grant Defendant a cause of action which would justify its counterclaim. Section 1583 provides:

> In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or customs duties relating to such merchandise.

As the language indicates, Section 1583 is merely a grant of subject matter jurisdiction to this Court and does nothing to create a cause of action in any party. A party seeking to invoke this Court's counterclaim jurisdiction must demonstrate a statutory basis for the cause of action or claim it seeks to raise by way of counterclaim. *Tikal Distrib. Corp. v. United States*, 24 C.I.T. 149, 156 (2000).

---

[12] For example the issuance of incorrect antidumping or countervailing duty liquidation instructions. *See e.g., Shinyei Corp. of America Inc. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) ("The statute's discussion of finality relates to decisions of Customs. Indeed the very existence of section 1514 suggests that Congress recognized the necessity of providing relief in situations where errors occurred."). *Id.* at 1311.

Again this begets the provenance of the cause of action which CBP is relying on to bring its counterclaim in this case. None has been identified. Neither the filing of the protest, nor the filing of Plaintiff's Complaint imbue Defendant with a cause of action to seek additional duties higher than those assessed by the Defendant in liquidation. As the provisions of 19 U.S.C. § 1592(d) do not apply here, and have not been invoked, and since no other statutory provision empowers the Defendant to seek the collection of duties in addition to those assessed at liquidation, there is no cause of action in the Defendant's counterclaim against Plaintiff and it must be dismissed with prejudice.

Indeed, this Court, in *Tikal Distrib. Corp. v. United States*, 24 C.I.T. 149 (2000) noted that the existence of this Court's counterclaim jurisdiction does not confer a right of action to bring a counterclaim nor set aside the finality of liquidation set out in 19 U.S.C. § 1514(a):

> The legislative history of proposed § 1583 shows that counterclaim jurisdiction was conferred on the court to remedy the situation in existing law where if the court found Customs' appraisement incorrect, the court could not sustain an appraised value claimed by the Government than was different from that claimed by the plaintiff (*i.e.,* higher than that claimed by plaintiff or even the original appraised value), and could only dismiss the action without requiring the plaintiff to pay any additional duties. Under § 1583, the court would have jurisdiction to enter a judgment against plaintiff for additional customs duties if the counterclaim involves the imported merchandise that is the subject matter of the civil action. See H.R. Rep. No. 96-1235, 96th Cong., 2d Sess., p. 49 (Aug. 20, 1980). **However, there is no suggestion by either the language of § 1583 or its legislative history that jurisdiction over a counterclaim to collect a greater sum of duties than that claimed by plaintiff or provided by the original liquidation of the entry is independent of whether the liquidation of a particular entry became final and conclusive or whether the court has jurisdiction of the civil action involving the particular entry and imported merchandise.** *See* 19 U.S.C. § 1514(a).

> Although limited, Customs has independent remedies to reliquidate entries, *see* 19 U.S.C. § 1501 covering voluntary reliquidations, and recover duty assessments, *see* 28 U.S.C. § 1582 (3) providing the court jurisdiction over civil actions commenced by the United States.

24 C.I.T. at 156 (emphasis added).

While this Court has jurisdiction to hear counterclaims brought by any party, including the Government, a counterclaim, to be plausible, must show whence its cause of action arises. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-678 (2009)*; Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)*.* As noted in *Tikal,* 24 C.I.T. 149, 156 (2000) the addition of counterclaim jurisdiction in the CIT via the Customs Courts Act of 1980 did not in any way expand the exceptions to the finality of liquidation set out in 19 U.S.C. § 1514(a). *Tikal*, 24 C.I.T. at 156.

Certainly where the Government is involved in litigation before this Court, there are situations where counterclaims can be, and are, brought. For instance, the Government could bring a counterclaim to collect 19 U.S.C. § 1592(d) "withheld duties" claim in a protest denial action commenced by a plaintiff involving the same merchandise—although this court held, in *United States v. Tenacious Holdings Inc.,* 917 F. Supp. 2d 1322, 1322-23 (Ct. Int'l Tr. 2013), that while such a claim could be asserted as a counterclaim, it was not a compulsory counterclaim and could be pursued as a separate action. A plaintiff in a protest denial action who failed to pay all liquidated duties, taxes and fees before commencing action, as required by 28 U.S.C. § 2637(a) might be the subject of a Government motion to dismiss its action for lack of subject matter jurisdiction, and a counterclaim to collect the liquidated but unpaid duties.[13] But the counterclaim asserted here does not satisfy the "plausibility" requirements of *Iqbal* and *Twombly, supra.*

The legislative history of the Customs Courts Act of 1980 shows that the extent of this Court's 28 U.S.C. § 1583 counterclaim jurisdiction was intensely debated before ultimately being resolved through a narrowing compromise. Initially, the CIT's counterclaim jurisdiction was to be broad enough to entertain any claim arising out of cases pending in the Court, regardless of whether

---

[13] Of course, in such an action, the government's right to the duties counterclaimed for would have accrued upon liquidation of the subject entries. That is not the case presented here.

these cases were identical to the case in which the counterclaim was to be asserted. This was viewed as overbroad and likely to have a chilling effect on plaintiffs' willingness to bring Customs disputes to Court. Customs Court Chief Judge Re (who would become the first Chief Judge of the CIT), addressing the counterclaim proposal in testimony before the House Judiciary Committee subcommittee on Monopolies and Commercial Law, said:

> At some point there could be a chilling effect on bringing of the suits; and I can see why plaintiffs would not like that. I would not want to chill the right of the plaintiff to sue in the court.[14]

While some favored broad counterclaim jurisdiction, suggesting that it would promote consolidation of actions,[15] and the Justice Department felt that the CIT's counterclaim jurisdiction should be as broad as that of the Court of Claims (which allowed counterclaims beyond the bounds of the original suit),[16] industry commentators suggested that the counterclaim jurisdiction should be limited to the particular import transaction before the court,[17] if not made unnecessary due to the fact that all liquidated duties, taxes and fees were required to be paid before commencement of an action in the Court.[18] Andrew P. Vance, testifying for the Association of the Customs Bar, noted that[19]:

> … the inequalities of the one-sided counterclaim provisions will be seen as threats to be realized against any importer who seemingly has the audacity to take on government officials whom he believes to be acting contrary to law.

---

[14] *Hearings Before the Subcommittee on Monopolies and Commercial Law, Committee on the Judiciary, House of Representatives*, 96th Cong., 2d Sess. on H.R. 6394 (February 13 and 28, 1980), Serial H. 521-14 at p. 15.

[15] *Id.* at p. 71 (Mr. Davis).

[16] *Id.* at p. 71 (Mr. Cohen).

[17] *Id.* at p. 106 (John B. Pellegrini, speaking for the American Importers Association).

[18] *Id.* at p. 129 (Mr. Melahn).

[19] *Id.* at 188. (Mr. Vance).

The House Report accompanying passage of the Customs Courts Act indicates that the scope of the counterclaim jurisdiction granted the CIT was narrowed in the final legislation:

> After extensive discussion, the Subcommittee adopted an amendment limiting the government's counterclaim to "the imported merchandise." This amendment strikes a compromise between the need of the government to recover the proper amount of import duties and the exposure of the importer to additional liability.[20]

What is especially noteworthy is that the entire discussion leading to enactment of the Customs Courts Act of 1980 relates to the scope of the *grant of counterclaim jurisdiction* to be given the Court. <u>At no point did Congress create any new right of action for unpaid duties in favor of the Government</u>. Nor did Congress amend the scope of the finality of liquidation found in 19 U.S.C. § 1514(a). If the Government wishes to assert a counterclaim in this action, it must identify the law which gives rises to that cause of action. It has not done so in its counterclaim pleading. We submit that it cannot do so.

Nor may the Court *imply* a cause of action in favor of the government's counterclaim. As noted in *Davis v. Passman*, 442 U.S. 228, 240 n.18 (1979), to ask whether a particular plaintiff has a cause of action is to ask whether he is a "member of a class of litigants that may, as a matter of law, appropriately invoke the power of the court.." The *Davis v. Passman* Court further noted that the "question of who may enforce a statutory right is fundamentally different from the question of who may protect a right that is protected by the Constitution." *Id*. at 241.

The Supreme Court in recent years has cautioned against inferring causes of action in cases where the legislature has not expressly provided for them. Thus, in *Hernandez v. Mesa*, 140 S.Ct. 735, 742 (2020), the Court noted that "[w]ith the demise of Federal general common law, a Federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by

---

[20] H. Rep. 96-1235, 96th Cong., 2d Sess. at 60-61.

Congress." The Court continued: "[i]n both statutory and constitutional cases, our watchword is caution." *Id.* This echoes the recent Supreme Court approach in these matters which is to express doubt about recognizing any causes of action not expressly created by Congress. *See Jesner v. Arab Bank PLC*, 138 S. Ct. 1386, 1402 (2018). The Court has also noted that "when a party seeks to assert an implied cause of action under a Federal statute, separation of powers are or should be central to the analysis." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

Against this background, this Court may not imply a cause of action in the Government's favor to recover duties which are subject to the statutory finality of liquidation contained in 19 U.S.C. § 1514(a). The Constitution grants Congress the exclusive power to set tariffs and to prescribe the manner of their collecting. Congress has specified rules for the assessment and collection of Customs duties, and those rules include the 19 U.S.C. § 1514(a) finality of liquidation. Proper respect for separation of powers counsels against this Court finding an implied cause of action to collect from Plaintiff, or any other importer, duties in cases where the liquidation assessments are final and conclusive on all parties, including CBP, and CBP cannot point to any exception to finality of liquidation which would allow it to collect additional duties in the current circumstance.

### III.   28 U.S.C. § 1582(3) is a Jurisdictional Provision and Does Not Confer a Cause of Action for the Government's Counterclaim.

The Government also cites 28 U.S.C. § 1582(3) as a basis for its proposed counterclaim. That is also a jurisdictional statute which grants this Court exclusive jurisdiction over actions brought by the United States "to recover Customs duties." *Id.* As in the case of 28 U.S.C. § 1583, this statute is a grant of jurisdiction to this Court, and does not create a cause of action in favor of the Government. Under the statutory scheme noted above, Congress has enacted detailed procedures whereby CBP may establish liability for a duty. Except in cases arising under 19 U.S.C.

§ 1592(d), liability for a duty is established only through the acts of liquidating or reliquidating an entry—the final statutory determination of, *inter alia*, the rate and amount of duty owed. The only way a duty can be assessed under 19 U.S.C. § 1592(d) is after a judicial determination that a substantive violation of 19 U.S.C. § 1592(a) has occurred, and entry of a judgment awarding the government a specific amount of "withheld duties."

Indeed, the legislative history to the Customs Courts act indicates that actions brought under 28 U.S.C. § 1582(3) are in the nature of "collection" actions, to recover against a liability previously established:

> Sections 1582(a)(2) and (a)(3),[21] also added by section 201 of the bill, permit the United States to commence a civil action to recover on a bond relating to the importation of merchandise and to recover Customs duties. The surety companies submitted written comments indicating that frequently there is no difference between actions to recover on a bond and actions to collect Customs duties **in that both actions are collection cases.**[22]

H. Rep. 96-1235, 96th Cong, 2d. Sess. at p. 37 (emphasis added).

## A.      Recent Opinions from this Court Agree with Plaintiff's Interpretation

As acknowledged by the Defendant in its counterclaim (*see* ECF 29 at 4, n. 1), this Court has recently held that the Government lacks a cause of action to assert counterclaims for underpaid duty on the same merchandise for which Plaintiff claims a duty refund. *See e.g., Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022); *see also e.g., Second Nature Designs, Ltd. v. United State*s, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022).

In the *Cyber Power* case, the Court held that the Defendant lacked statutory authority for to assert a Counterclaim. The Court concluded that no provision in 19 U.S.C. §§ 1202, 1503,

---

[21] The "(a)" references were dropped in the statute as enacted.

[22] Actions to recover on a Customs surety bond lie in contract, with the surety's liability for the duties in question also established through final liquidation or reliquidation of an entry.

1514(a), or 28 U.S.C. § 1583, provided a statutory basis for the Defendant's asserted cause of action seeking collection of additional duties in excess of those assessed in liquidation. *Cyber Power*, 586 F. Supp. 3d at 1330-31. The *Cyber Power* Court explained that the statutory bases asserted by the Government were not amended in a material way when Congress permitted the "U.S. Court of International Trade jurisdiction to hear counterclaims and … determine the correct classification of merchandise." *Id.* at 1331.

Likewise, the Cyber Power Court found that 19 U.S.C. § 1202 gave no support to the Government's asserted counterclaim. Section 1202 permits CBP to enforce tariffs and collect "the proper amount of duties based on the correct classification of imported merchandise." *Id.* Nothing in Section 1202 permits the "United States to challenge CBP's classification via counterclaim … [and] does not provide Defendant with a cause of action." *Id.*

The *Cyber Power* Court also rightly rejected 19 U.S.C. § 1503 as a basis for Defendant's asserted counterclaim because Section 1503 "relates to valuation, not classification." Defendant's classification counterclaim here seeks to reject its own liquidation decision under subheading 0604.90.60, HTSUS. Classification, at issue in this case, involves no appraisement determination whatsoever concerning either the value of the merchandise at bar.

The *Cyber Power* Court also found Defendant's reliance on 19 U.S.C. § 1514(a) to be misguided. *Id.* at 11. The Court stated that "if liquidation were final to the United States and its officers, then the officers would … be powerless to fix any … error[s]." *Id.* at 1332. Moreover, Section 1514(a) does not authorize "Defendant to assert a counterclaim challenging CBP's classification." *Id.*

Finally, the *Cyber Power* Court noted that Defendant's reliance on 28 U.S.C. § 1583 did not provide a cause of action for its asserted counterclaim. *Id.* at 1332-1333. The Court explained

that Section 1583 only established that the "Court of International Trade … has jurisdiction to render judgment upon any counterclaim." *Id*. at 1333.

This Court adopted similar reasoning in considering a motion to amend a pleading to assert a counterclaim in *Second Nature Designs, Ltd. v. United State*s, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022). In *Second Nature,* the Court adopted the holdings of the *Cyber Power* opinion. *Id.* at 1338.

Yet again, it appears the Government wishes to use its same arguments regarding its supposed causes of action, 19 U.S.C. § 1503, 19 U.S.C. § 1505(b) & (c), the tariff code (19 U.S.C. § 1202 *et seq.*), and 28 U.S.C. § 1582(3), 1583, 28 U.S.C. § 2643(b) & (c), which have already failed before this Court on multiple occasions.

## IV.     Entry 551-72801710 Should be Severed and Dismissed From This Case.

Entry 551-72801710 is an entry assessed in liquidation by CBP under subheading 0604.90.30, HTSUS duty free. The entry consist of the Blossom Branch Natural-Bouquet and the Deco Flowers Natural-Value pack.  During the drafting of plaintiff's previous motion to amend to summons to drop other free entries from this case plaintiff has initially included this entry. However, the Government did not consent to the inclusion of this entry as it wished to assert a counterclaim against the products in the entry. Plaintiff now moves to sever and dismiss this entry from the case because the government lacks any statutory cause of action to assert a counterclaim.

In addition to the above arguments regarding the futility of defendant's counterclaim, the entry should be dropped because there is no case or controversy surrounding the entry.  This Court has held that there is no constitutional standing to challenge agency action when the competing provisions are both duty free or where no possibility of a refund to the plaintiff.  *3V, Inc. v. United States*, 23 C.I.T. 1047, 1049-1050 (1999). This is the same in this case, the underlying entries

liquidated duty free and plaintiffs' claims are for classification under a duty free provision. In fact, the provisions are the same one. Plaintiff lacks a justiciable claim to this entry, and the defendant lacks a justiciable counterclaim in regards to it. As such, it should be dropped from this case.

## <u>CONCLUSION</u>

Defendant's asserted Counterclaim is improper and should be dismissed by this Court. There is no recognizable cause of action for Defendant to assert a counterclaim against Plaintiff to exact additional duties in excess of those assessed in liquidation. Tax law is statutory, and Defendant must be able to point to a statutory basis for its claim to collect additional taxes/duties from the plaintiff.  In addition, entry 551-72801710 should be dropped from this case.

Plaintiff respectfully moves that the Court grant the instant motion and dismiss the Government's counterclaim, redesignating it as a defense pursuant to USCIT R. 8(d)(2).

Respectfully submitted,

NEVILLE PETERSON LLP

/s/ John M. Peterson
John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated:  March  7, 2023

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. GARY S. KATZMANN, JUDGE**

```
-------------------------------------------------------------------- X
SECOND NATURE DESIGNS LTD.,                 :
                                            :
              Plaintiff,                    :
                                            :
       v.                                   :         No. 18-cv-00131
                                            :
UNITED STATES,                              :
                                            :
              Defendant.                    :
-------------------------------------------------------------------- X
```

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Brief, relying upon the word count feature of the word processing program used to prepare the Brief, certify that it complies with the word count limitation under the Court's Standard Chambers Procedures and contains 7,692 words.

Respectfully submitted,

/s/ Patrick B. Klein
Patrick B. Klein