UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

| | | |
|---|---|---|
| ———————————————— : | | |
| SECOND NATURE DESIGNS, LTD., | : | |
| | : | |
| Plaintiff, | : | Court No. 18-00131 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| ———————————————— : | | |

## DEFENDANT/COUNTERCLAIM-PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM AND SEVER ENTRY 551-7280171-0

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

*Of Counsel*:
Alexandra Khrebtukova
Senior Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
New York, New York 10278

BRANDON A. KENNEDY
Trial Attorney
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel.: (212) 264-9230
*Attorneys for Defendant*

Dated: April 6, 2023

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................. 1

SUMMARY OF ARGUMENT ..................................................................................... 4

ARGUMENT .................................................................................................................. 7

I.    STANDARD OF REVIEW ................................................................................. 7

II.   THE GOVERNMENT'S COUNTERCLAIM IS NOT BARRED BY THE
      FINALITY OF LIQUIDATION BECAUSE LIQUIDATION IS NOT FINAL ......... 8

      A.  The Entries Covering The Subject Merchandise Are Not Subject To
          Section 1514(a) Finality ................................................................................. 9

      B.  The Proper Classification Of The Merchandise Is Before The Court ............. 14

      C.  The Purpose Of 28 U.S.C. § 1583 Is To Allow A Counterclaim ................. 15

III.  THE GOVERNMENT'S COUNTERCLAIM STATES A CAUSE OF
      ACTION ............................................................................................................ 20

IV.   ENTRY 551-7280171-0 SHOULD NOT BE SEVERED AND DISMISSED ......... 23

CONCLUSION .............................................................................................................. 25

# TABLE OF AUTHORITIES

## Cases

*A&D Auto Sales, Inc. v. United States*,
  748 F.3d 1142 (Fed. Cir. 2014)..................................................................................... 8

*Am. Permac, Inc. v. United States*,
  24 CIT 933 (2000) ...................................................................................................... 17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................... 7, 8, 20, 21

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................... 7, 8, 21

*Brother Int'l Corp. v. United States*,
  248 F.Supp.2d 1224 (Ct. Int'l Trade 2002) ............................................................... 17

*Chrysler Corp. v. United States*,
  601 F.Supp.2d 1347 (Ct. Int'l Trade 2009) ............................................................... 15

*Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C. v. United States*,
  459 F.Supp.3d 1354 (Ct. Int'l Trade 2020) ................................................................. 8

*Constant v. Advanced Micro–Devices, Inc.*,
  848 F.2d 1560 (Fed. Cir. 1998)..................................................................................... 7

*Cormorant Shipholding Corp. v. United States*,
  617 F.Supp.2d 1270 (Ct. Int'l Trade 2009) .................................................... 17, 18, 24

*Cyber Power Systems (USA) Inc. v. United States*,
  586 F.Supp.3d 1325 (Ct. Int'l Trade 2022) .................................................... 5, 11, 16

*Dollar Trading Corp. v. United States*,
  67 Cust. Ct. 308 (1971)............................................................................................... 11

*Eastalco Aluminum Co. v. United States*,
  726 F.Supp. 1342 (Ct. Int'l Trade 1989), *aff'd*,
  916 F.2d 1568 (Fed. Cir. 1990)....................................................................... 15, 16, 17

*Eastalco Aluminum Co. v. United States*,
  995 F.2d 201 (Fed. Cir. 1993)......................................................................... 15, 16, 17

*Gould, Inc. v. United States*,
   935 F.2d 1271 (Fed. Cir. 1991) .................................................................. 8

*Jarvis Clark, Inc. v. United States*,
   733 F.2d 878 (Fed. Cir. 1984) ................................................................... 15

*Macclenny Prods. v. United States*,
   963 F.Supp.2d 1348 (Ct. Int'l Trade 2014) ............................................... 17

*Schlumberger Tech. Corp. v. United States*,
   91 F.Supp.3d 1304 (Ct. Int'l Trade 2015), *aff'd*,
   845 F.3d 1158 (Fed. Cir. 2017) .................................................................. 11

*Second Nature Designs, Ltd. v. United States*,
   Court No. 17-00271 (Ct. Int'l Trade) .......................................... 2, 3, 4, 22, 24

*Second Nature Designs, Ltd. v. United States*,
   586 F.Supp.3d 1334 (Ct. Int'l Trade 2022) .................................... *passim*

*Tikal Distributing Corp. v. United States*,
   93 F.Supp.2d 1269 (Ct. Int'l Trade 2000) ................................................. 18

*Tomoegawa (U.S.A.), Inc. v. United States*,
   763 F.Supp. 614 (Ct. Int'l Trade 1991) ..................................................... 16

*Tomoegawa USA, Inc. v. United States*,
   12 CIT 112 (1988), *aff'd in part, vacated in part, per curiam*
   861 F.2d 1275 (Fed. Cir. 1988) (mem.), *remanded to* 15 CIT 162 (1991) ............ 11

*United States v. Ford Motor Co.*,
   29 CIT 209 (2005) ...................................................................................... 7

*United States v. Islip*,
   22 CIT 852 (1998) ...................................................................................... 8

**Harmonized Tariff Schedule of the United States**

Subheading 0604.90.10 ................................................................................ 2

Subheading 0604.90.30 ............................................................... 1, 2, 14, 22, 24

Subheading 0604.90.60 ................................................................. 2, 5, 6, 14, 22

Subheading 6702.90.65 ............................................................................................... *passim*

**<u>Statutes</u>**

19 U.S.C. § 1202 ......................................................................................... 4, 6, 21

19 U.S.C. § 1501 ........................................................................................... 12, 19

19 U.S.C. § 1503 ..................................................................................................... 4

19 U.S.C. § 1505(b) ................................................................................... 4, 6, 21

19 U.S.C. § 1505(c) ................................................................................................ 4

19 U.S.C. § 1514 .................................................................................................. 10

19 U.S.C. § 1514(a) ...................................................................................... *passim*

19 U.S.C. § 1514(a)(2) ........................................................................................ 14

19 U.S.C. § 1514(b) ............................................................................................. 10

19 U.S.C. § 1515 .................................................................................................. 10

19 U.S.C. § 1592 .................................................................................................. 13

19 U.S.C. § 1592(d) ............................................................................................. 12

28 U.S.C. § 1581(a) ....................................................................................... 10, 12

28 U.S.C. § 1582(3) ......................................................................................... 4, 13

28 U.S.C. § 1583 ........................................................................................... *passim*

28 U.S.C. § 2640(a)(1) ........................................................................................ 14

28 U.S.C. § 2643(b) .................................................................................... 4, 19, 20

28 U.S.C. § 2643(c) ................................................................................................ 4

H.R. Rep. No. 96–1235 (1980) ..................................................... 13, 16, 17, 18, 19

**<u>Rules</u>**

USCIT Rule 12(b)(6) ..................................................................................................... 8

USCIT Rule 13(a) .......................................................................................... 8, 11, 15, 17, 24

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

_____
                                        :
SECOND NATURE DESIGNS, LTD.,            :
                                        :
                        Plaintiff,      :        Court No. 18-00131
                                        :
            v.                          :
                                        :
UNITED STATES,                          :
                                        :
                        Defendant.      :
_____:

**DEFENDANT/COUNTERCLAIM-PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM-DEFENDANT'S
<u>MOTION TO DISMISS COUNTERCLAIM AND SEVER ENTRY 551-7280171-0</u>**

Defendant/Counterclaim-Plaintiff, the United States (the Government), respectfully

submits this memorandum of law in opposition to plaintiff/counterclaim-defendant Second

Nature Designs, Ltd.'s (Second Nature) motion to dismiss defendant's counterclaim and sever

entry 551-7280171-0.  *See* ECF 34.  For the reasons set forth in our memorandum, Second

Nature's motion should be denied.

**<u>BACKGROUND</u>**

This action began with the proper tariff classification of hundreds of unique product styles

imported by plaintiff in 149 entries filed with U.S. Customs and Border Protection (CBP) from

July 11, 2016 to January 6, 2017, for merchandise imported through the Ports of Buffalo, New

York; Detroit, Michigan; and Huron, Michigan.  Summons (ECF 1).  In its complaint, Second

Nature described the subject merchandise as consisting of "certain natural branches, flowers,

wood, and similar merchandise which is dried and decorated."  Compl. ¶ 6 (ECF 20).  Plaintiff

alleged that the imported merchandise is properly classified under subheading 0604.90.30 of the

Harmonized Tariff Schedule of the United States (HTSUS) as "Foliage, branches and other parts

of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: [Other:] dried or bleached."  Compl. ¶¶ 7, 13-15.[1]  This is a duty-free provision.

Based on information provided by Second Nature to the agency during the administrative processing of the entries, CBP classified most of the subject merchandise in the subject entries upon liquidation under subheading 0604.90.60, HTSUS, as "Foliage, branches and other parts of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: Other: Other."[2]  This provision carries a duty rate of 7 percent *ad valorem*.  Some of the subject entries, however, contained only merchandise that was classified upon liquidation under a duty-free provision, for which no duties were demanded by CBP or paid by Second Nature.  *See* ECF 26.

On June 1, 2018, Second Nature filed its summons in this Court contesting CBP's denial of Second Nature's protest with regard to the classification of the subject merchandise in the subject entries.  Second Nature stated that the issue common to the denied protest is "Classification of the subject merchandise."  ECF 1.

On June 24, 2022, Second Nature filed a motion to designate Court No. 17-00271 a test case, and suspend this action (Court No. 18-00131) under that case.  ECF 14.

_____

[1] Plaintiff's complaint misquotes subheading 0604.90.30 by omitting the second "Other," which distinguishes articles described by subheadings 0604.90.30 and 06040.90.60 from articles described by subheading 0604.90.10.

[2] The subject entries also contained imported merchandise on other entry summary lines, which were classified at liquidation in other provisions that were not challenged by Second Nature in either its protest or its complaint in this case.

On June 29, 2022, defendant filed its opposition to Second Nature's motion to designate a test case and suspend thereunder, along with a motion requesting that the Court order plaintiff to file a complaint in this case.  ECF 15.

On July 20, 2022, Second Nature filed its response to defendant's motion requesting that the Court order plaintiff to file a complaint in this case.  ECF 17.

On July 27, 2022, the Court issued an order denying plaintiff's motion to designate Court No. 17-00271 a test case and to suspend this action thereunder, and denying as moot defendant's motion requesting that the Court order plaintiff to file a complaint.  ECF 18.  In a separate order that same day, the Court ordered Second Nature to file a complaint in this case.  ECF 19.

On September 26, 2022, Second Nature filed its complaint.  ECF 20.

On January 30, 2023, Second Nature filed a consent motion to amend the summons "to sever and dismiss certain entries from its summons which upon detailed review were entered duty free and sever an entry for which the paperwork cannot be located."  ECF 26.  Second Nature identified twelve entries to be severed and dismissed.  *Id*.  That same day, the Court granted Second Nature's motion, and the Amended Summons was deemed filed.  ECF 27-28. Thus, 137 entries covered by the subject protest remain at issue here, one of which was liquidated duty-free (entry 551-7280171-0), but following discovery in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, the Government now recognizes that the imported merchandise covered by this entry is properly classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other," at a duty rate of 17 percent *ad valorem*.

On February 14, 2023, defendant filed its answer.  ECF 29.  A review of the invoices associated with the entries identified on the amended summons shows that at least 44 product

styles of the subject merchandise of this case bear the same combination of product descriptions and item number as 44 product styles currently at issue in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271.  The subject merchandise identified by these 44 product styles is properly classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other," at a duty rate of 17 percent *ad valorem*.  To preserve our ability to collect the higher duties that are owed by Second Nature pursuant to Rule 13(a)[3] of the Rules of the U.S. Court of International Trade (USCIT), 19 U.S.C. §§ 1503, 1505(b) & (c), the tariff code (19 U.S.C. § 1202 *et seq.*), and 28 U.S.C. §§ 1582(3), 1583, 2643(b) & (c), we included a counterclaim in our answer for these 44 styles of merchandise to recover from Second Nature unpaid tariff duties, or the amount that justice so requires, with interest as provided for by law, including but not limited to interest pursuant to 19 U.S.C. § 1505(b)-(c), and post-judgment interest.

On March 2, 2023, Second Nature filed a motion to dismiss the Government's counterclaim for failure to state a claim on which relief can be granted and to redesignate the counterclaim as a defense, and to sever and dismiss entry 551-7280171-0 from this case for lack of a cause of action.

## SUMMARY OF ARGUMENT

As a preliminary matter, we acknowledge that the Court's recent decisions in *Second Nature Designs, Ltd. v. United States*, 586 F.Supp.3d 1334 (Ct. Int'l Trade 2022) and *Cyber*

---

[3] USCIT R. 13(a) provides:
> A pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim: (1) involves the imported merchandise that is the subject matter of the civil action, or (2) is to recover on a bond or customs duties relating to such merchandise.

*Power Systems (USA) Inc. v. United States*, 586 F.Supp.3d 1325 (Ct. Int'l Trade 2022), held that the Government lacks a cause of action to assert counterclaims for underpaid duty on the same merchandise for which plaintiff claims a duty refund.  Although the Court in both cases redenominated the Government's counterclaims as defenses, we assert a counterclaim in this case, asking the Court to order CBP to reliquidate the subject entries with bills (rather than refunds as claimed by Second Nature), to preserve our right to recover, should this legal question be appealed here.

Notwithstanding, we request that Second Nature's motion to dismiss be denied.  Second Nature does not seek dismissal on the basis that this Court lacks jurisdiction to hear the Government's counterclaim.  Instead, Second Nature claims only that the Government has failed to state a claim for which relief can be granted because, according to Second Nature, (i) such a claim is barred by the statutory finality of liquidation under set out in 19 U.S.C. § 1514(a); and (ii) there is no source or basis for the Government's counterclaim cause of action.

Second Nature is incorrect on both points.  The allegations provided in the Government's timely-filed counterclaim are sufficient to state a counterclaim to recover additional customs duties relating to the imported merchandise that is the subject of this pending action – *i.e.*, merchandise that was classified upon CBP's liquidation of the subject entries under subheading 0604.90.60, HTSUS, at a duty rate of 7 percent *ad valorem*, which classification was then the subject of the denied protest that is now the subject of this pending action.  Following information obtained in discovery in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, we are able to identify at least 44 product styles of the subject merchandise in this case that are properly classified under subheading 6702.90.65, HTSUS, at a duty rate of 17 percent *ad valorem*.  Accordingly, additional duties in the amount of 10 percent *ad valorem* are due for

these 44 product styles that are covered by our counterclaim.  Indeed, CBP is charged with enforcing the tariff in accordance with its terms, which includes collecting the proper amount of duties based on the correct classification of imported merchandise.  *See* the HTSUS, codified at 19 U.S.C. § 1202 *et seq*.; 19 U.S.C. § 1514(a) (when a USCIT judgment or order becomes final, the papers transmitted by CBP for the Court file and a copy of the judgment or order are returned to CBP to take action accordingly).  As part of its administrative responsibilities, "CBP shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation." 19 U.S.C. § 1505(b).  Where, as here, the correctness of duty liability as assessed upon liquidation is the subject of a civil action commenced in the USCIT, the Government is specifically authorized to "counterclaim…to recover…customs duties relating to such merchandise," and the Court is specifically authorized to "render judgment upon any [such] counterclaim." 28 U.S.C. § 1583.  Taken together, these statutory provisions provide the grounds for our counterclaim.

Although CBP liquidated the subject merchandise under subheading 0604.90.60, HTSUS, finality under section 1514(a) did not attach as to the classification of the subject merchandise because Second Nature protested the classification of, and rate and amount of duties assessed on, the subject merchandise, the protest was denied, and this action commenced.  By satisfying these statutory prerequisites, Second Nature avoided section 1514(a) finality of the liquidation as to all persons, including the Government.  Because the proper classification of the goods is an open issue, the Government is not foreclosed by section 1514(a) finality from filing a counterclaim.

In addition, because entry 551-7280171-0 is included in Second Nature's amended summons and involves the imported merchandise that is the subject matter of this action, and because our counterclaim is for an amount higher than the rate at which the entry was liquidated, our counterclaim for entry 551-7280171-0 is allowed.  Finally, because the parties disagree on the proper classification of the merchandise in that entry, there is a legitimate case or controversy involving that entry.  Therefore, entry 551-7280171-0 should not be severed and dismissed from this case.

## ARGUMENT

### I.  STANDARD OF REVIEW

"The Court may dismiss a counterclaim for failure to state a claim only 'where it appears beyond doubt that plaintiff can prove no set of facts which will entitle him to relief." *United States v. Ford Motor Co.*, 29 CIT 209, 211 (2005) (quoting *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 1565 (Fed. Cir. 1998)).  "Moreover, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."  *Ford*, 29 CIT at 211.  Thus, the same analysis applicable to a motion to dismiss a complaint is applicable to one seeking to dismiss a counterclaim.

"To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A counterclaim has facial plausibility when it "raise[s] a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  "While a [counterclaim] . . . does not need detailed factual allegations, *ibid*, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a

cause of action's elements will not do." *Id.* at 545; *see also Iqbal*, 556 U.S. at 662 ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The [counterclaim] must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Determining whether the factual pleading standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court considers the allegations in the [counterclaim] as well as documents "'incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C. v. United States*, 459 F.Supp.3d 1354, 1361 (Ct. Int'l Trade 2020) (quoting *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014)). Finally, the Court must view all well-pleaded facts in the light most favorable to the non-moving party. *See United States v. Islip*, 22 CIT 852, 854 (1998) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## II.  THE GOVERNMENT'S COUNTERCLAIM IS NOT BARRED BY THE FINALITY OF LIQUIDATION BECAUSE LIQUIDATION IS NOT FINAL

Second Nature's motion does not claim that the Court lacks jurisdiction to hear the Government's counterclaim or that the counterclaim was untimely. Instead, Second Nature limits its motion to dismiss solely to USCIT Rule 12(b)(6), contending that the Government failed "to state a claim on which relief can be granted." Pl. Mot., 5.[4] Second Nature further contends that the Government "cannot plausibly plead a cause of action against Plaintiff to

---

[4] Second Nature's motion lacks page numbers; therefore, the page numbers assigned by ECF are cited.

recover additional duties, since its proposed counterclaim is barred by the doctrine of finality of liquidation," pursuant to 19 U.S.C. § 1514(a). *Id.* at 7. Second Nature asserts that liquidations and reliquidations are final "unless a private party invokes the only available exceptions to the finality of liquidation." *Id.* at 10. Thus, Second Nature's motion rests on two arguments: (i) the Government's request for classification under subheading 6702.90.65, HTSUS, with its increase in duties owed, is barred by statutory finality under 19 U.S.C. § 1514(a); and (ii) the Government has identified no statutory basis for its counterclaim cause of action. Pl. Mot., 7-11, 13, 18. For the reasons that follow, Second Nature is incorrect.

## A. The Entries Covering The Subject Merchandise Are Not Subject To Section 1514(a) Finality

In pertinent part, section 1514(a) provides:

> Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title), any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—

> (2) the classification and rate and amount of duties chargeable;

> shall be final and conclusive upon **all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced** in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

(emphasis added).

Based on the plain statutory language, the final and conclusive effect of section 1514(a) will not apply to any person, **including the Government**, where a protest has been filed and an action commenced in the USCIT.  On page two of its amended summons (which includes one protest covering 137 entries, *see* ECF 28), Second Nature indicated that it was protesting the tariff classification of the subject merchandise and that the competing duty rates were "7% ad valorem" and "Duty free."  *Id.*  The protest was timely filed by Second Nature on November 20, 2017 in accordance with 19 U.S.C. § 1514, and the protest was denied by CBP under 19 U.S.C. § 1515 on January 3, 2018.  *Id.*  By commencing this action on June 1, 2018, Second Nature fulfilled the statutory requirements to avoid finality from attaching to CBP's denial of its protest disputing the classification and duty rates of the imported merchandise in the entries at issue.

Second Nature's discussion of exceptions to finality of liquidation is inapposite and does not affect the Government's counterclaim.  *See* Pl. Mot., 7-18.  Based on the terms of section 1514, the filing of a protest or a civil action contesting the denial of a protest prevents the liquidation from being "final and conclusive upon all persons (including the United States and any officer thereof)[.]"  19 U.S.C. § 1514(b).  The Government does not claim that it is entitled to file a protest or that section 1581(a) provides the jurisdiction for our cause of action.  Instead, the protest and commencement of this action are the predicates needed by an importer to dispute a decision by CBP.  And when that importer satisfies those predicates, finality does not attach to the liquidation, *see* section 1514, thereby allowing the Government to file a counterclaim to recover customs duties relating to such imported merchandise that is the subject of the importer's pending action.  *See* USCIT Rule 13(a); 28 U.S.C. § 1583.

Contrary to Second Nature's arguments, the Court in *Second Nature* stated that the text of 19 U.S.C. § 1514(a) provides that CBP's liquidation (or reliquidation) is "'final and conclusive' *except* when 'a civil action contesting the denial of a protest' is brought before this court." *Second Nature*, 586 F.Supp.3d at 1339-40.  Second Nature nevertheless contends that the exception does not apply to the Government.  Pl.'s Mot., 13.  Second Nature's interpretation of the statutory text is thus contrary to that elucidated by the Court in *Second Nature*, which holds that if the Government's proposed classification relates to the same entries as the protest, it is not barred by the finality of liquidation.  *Second Nature*, 586 F.Supp.3d at 1339-40.  In *Second Nature*, the Court explained that "although the Government has no cause of action for the assertion of a counterclaim for increased duties, **it is not barred from otherwise arguing for a different classification at a higher duty rate**."  *Id.* at 1339 (emphasis added), citing *Tomoegawa USA, Inc. v. United States*, 12 CIT 112, 113, 122 (1988), *aff'd in part, vacated in part, per curiam* 861 F.2d 1275 (Fed. Cir. 1988) (mem.), *remanded to* 15 CIT 162 (1991) (adopting the Government's alternative classifications, proposed in light of new information initially unavailable to CBP); *Schlumberger Tech. Corp. v. United States*, 91 F.Supp.3d 1304, 1323 (Ct. Int'l Trade 2015), *aff'd*, 845 F.3d 1158 (Fed. Cir. 2017) (acknowledging the Government's assertion of alternative classifications in addition to CBP's classification on appeal); *Dollar Trading Corp. v. United States*, 67 Cust. Ct. 308, 315–16 (1971) (noting that the presumption of correctness does not extend to the Government's assertion of two additional possible classifications for the subject merchandise).  Similarly, in *Cyber Power*, the Court stated that the Government "is not barred from arguing for a different classification at a higher duty rate."  586 F.Supp.3d at 1334 n.6.

11

Nevertheless, Second Nature seems to believe that the Government's ability to recover additional duties resulting from the Court's determination that the imported merchandise is subject to a classification with a higher duty rate is cut off, if CBP has not applied the higher rate during the 90-day reliquidation period provided in 19 U.S.C. § 1501.  Pl. Mot., 9.  Such a theory is contrary to the plain meaning of 28 U.S.C. § 1583, which permits a counterclaim for additional duties associated with the imported merchandise that is the subject of the complaint:

> In **any** civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon **any counterclaim**, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or **customs duties relating to such merchandise**.

28 U.S.C. § 1583 (emphasis added).  Further, such a theory would undermine the uniform and consistent application of the customs laws by allowing an importer to avoid paying increased duties that this Court determined to be due.

Finally, contrary to Second Nature's argument (Pl. Mot., 11-16), and given the lack of finality as to the liquidation of the subject entries with respect to the tariff classification (and attendant applicable duty rate) of the subject imported merchandise, the Government is not limited to seeking duties through an action under 19 U.S.C. § 1592(d).  As explained *infra*, one of the reasons for allowing a counterclaim in a section 1581(a) action is to promote judicial efficiency.  Requiring the Government to burden the Court with a section 1592(d) action involving the same merchandise when the vehicle of a counterclaim is available is contrary to congressional intent.  Moreover, ff the Government's ability to assert a counterclaim for additional duties were limited solely to circumstances where the Government is otherwise authorized to commence a collection action pursuant to section 1592(d), as Second Nature suggests, *see* Pl. Mot., 16-18, then the Court's "exclusive jurisdiction to render judgment upon

12

any counterclaim . . . to recover . . . customs duties relating to such merchandise" under 28 U.S.C. § 1583 would be essentially toothless.

The Court's jurisdiction over collection actions commenced by the United States pursuant to section 1592(d) is provided by section 1582(3) ("The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States … to recover customs duties."), *see* H.R. Rep. 96-1235, at 37 (explaining that section 1582 was added to "permit the United States to commence a civil action … to recover customs duties").  In addition, section 1583 provides this Court with "exclusive jurisdiction to render judgment upon any counterclaim . . . to recover . . . customs duties relating to such merchandise" that is the subject of the action in which the counterclaim is asserted.  *See* 28 U.S.C. § 1583; H.R. Rep. 96-1235, at 35-38 (explaining that section 1583 was enacted so that "it would be possible for the court to rule that a plaintiff should pay additional duties to the United States on the basis of the counterclaim asserted and proved by the United States," and that "[a]fter extensive discussion" of "the counterclaim provision," section 1583 was enacted "to authorize the assertion of any counterclaim" that meets the condition that "limit[s] the government's counterclaim to 'the imported merchandise'" that is the subject of the pending action, which limitation "strikes a compromise between the need of the government to recover the proper amount of import duties and the exposure of the importer to additional duty liability").  Thus, while the United States is authorized to commence its own collection action only where the statutory conditions under section 1592 are met, section 1583 *separately* provides the ability for this Court to consider a counterclaim for additional duties where the imported merchandise is already the subject of a pending action.

## B.  **The Proper Classification Of The Merchandise Is Before The Court**

The proper classification of the merchandise is squarely before the Court, both in the context of plaintiff's claims and the Government's counterclaim.  Because Second Nature's case challenges classification pursuant to review of a protest, the issue of classification cannot be final and conclusive against either party.  *See* 19 U.S.C. § 1514(a)(2).

In its complaint, Second Nature asserts that duties at 7 percent *ad valorem*, pursuant to subheading 0604.90.60,[5] HTSUS, should not have been assessed against the subject merchandise because, in Second Nature's view, that merchandise satisfies the requirements of subheading 0604.90.30,[6] which is duty-free for goods classified under that provision.  Compl., 3-4.  To support its claim, Second Nature must establish by a preponderance of the evidence that the subject merchandise is classifiable in subheading 0604.90.30.  Accordingly, to determine the proper classification of the subject merchandise, the Court conducts a *de novo* review upon the record developed during litigation.  28 U.S.C. § 2640(a)(1) ("The Court of International Trade shall make its determinations upon the basis of the record made before the court in . . . [c]ivil actions contesting the denial of a protest under section 515 of the Tariff Act of 1930."); *see, e.g.*,

---

[5] Subheading 0604.90.60 provides:

> Foliage, branches and other parts of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: Other: Other.

[6] Subheading 0604.90.30 provides:

> Foliage, branches and other parts of plants, without flowers or flower buds, and grasses, mosses and lichens, being goods of a kind suitable for bouquets or for ornamental purposes, fresh, dried, dyed, bleached, impregnated or otherwise prepared: Other: Other: dried or bleached.

14

*Chrysler Corp. v. United States*, 601 F.Supp.2d 1347, 1350 (Ct. Int'l Trade 2009) (This Court "reviews Customs' protest decisions *de novo*.").

Second Nature likewise recognizes that "this Court has an obligation under *Jarvis Clark, Inc. v. United State*s, 733 F.2d 878 (Fed. Cir. 1984) to find the 'correct' result."  Pl. Mot., 15.[7] If, in reaching that correct result, the Court determines that a different classification is applicable, the Court has exclusive jurisdiction to consider a counterclaim asserted under 28 U.S.C. § 1583. By commencing a counterclaim consistent with USCIT Rule 13(a), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1583, the Government has protected its right to receive any increased duties, interest, and fees that flow from the Court's decision.

### C.  The Purpose Of 28 U.S.C. § 1583 Is To Allow A Counterclaim

This Court and the Court of Appeals for the Federal Circuit have previously recognized the Government's right to counterclaim.  *Eastalco Aluminum Co. v. United States*, 726 F.Supp. 1342, 1343 (Ct. Int'l Trade 1989) (ordering judgment for the government on its counterclaim, and ordering the Customs Service "to reliquidate the [subject entries accordingly and] to collect such additional duties as are owing, and such interest as provided by law"), *aff'd*, 916 F.2d 1568 (Fed. Cir. 1990).  In a subsequent decision in a related case, the Federal Circuit vacated an order enjoining the same importer from voluntarily dismissing its suspended cases after the Government's counterclaim under 28 U.S.C. § 1583 for a higher duty classification was sustained in the test case, because the Government had not asserted its counterclaim in the suspended cases.  *Eastalco Aluminum Co. v. United States*, 995 F.2d 201 (Fed. Cir. 1993).  By way of background, the Federal Circuit explained that:

> After filing its answer, the government moved to amend the answer
> in order to allege, by way of counterclaim, that the imported bricks

---

[7] Second Nature argues that *Jarvis Clark* does not confer a cause of action on the Government. Pl. Mot., 15.  As discussed *infra*, our counterclaim arises under 28 U.S.C. § 1583.

were classifiable under TSUS Item 517.91, a broad provision covering "other" articles of carbon or graphite. That provision carries a higher rate of duty than Customs' initial classification under TSUS Item 517.61.

On October 19, 1989, the trial court entered its final decision and judgment in the test case. *Eastalco Aluminum Co. v. United States*, 726 F.Supp. 1342 (Ct. Int'l Trade 1989). The trial court rejected Eastalco's contention that the merchandise was duty-free and determined that the merchandise should have been classified under TSUS Item 517.91, thus sustaining the government's counterclaim. *Id.* at 1343. This court affirmed on October 18, 1990. *Eastalco Aluminum Co. v. United States*, 916 F.2d 1568 (Fed. Cir. 1990).

*Eastalco Aluminum*, 995 F.2d at 202-03.

In *Cyber Power*, the Court acknowledged that "Congress appears to have believed that 28 U.S.C. § 1583 would provide the United States with the ability to assert counterclaims arguing for a higher rate of duty." *Cyber Power*, 586 F.Supp.3d at 1332-33 (quoting H.R. Rep. No. 96-1235, at 36). But the Court nevertheless held that "although Congress may have intended Section 1583 to provide the United States with an avenue to assert counterclaims for higher rates of duty, Congress only provided the U.S. Court of International Trade with jurisdiction to hear such counterclaims, to the extent such claims are properly brought as counterclaims." *Id.* at 1333. The Government in *Cyber Power* did not provide a full analysis of "whether section 1583 provides a cause of action" – the Court held that the Government "waived its opportunity to present argument on this issue" – but the Court nevertheless concluded that "the plain meaning of Section 1583 is clear and the statute is purely jurisdictional." *Id.* at n.14. In this case, the Government has not waived any arguments, and we now demonstrate, through the statute, legislative history, and case law,[8] that Section 1583 provides *both* the cause of action *and* the

---

[8] *See Tomoegawa (U.S.A.), Inc. v. U.S.*, 763 F.Supp. 614, 621 (Ct. Int'l Trade 1991) ("The legislative history of the Customs Courts Act of 1980 . . . makes clear that Congress intended the provision [enacted in 28 U.S.C. § 1583] to authorize the court to enter judgment on a counterclaim *so as to enable the Government to recover 'the proper amount of import duties.'*")

jurisdictional basis for the Government's counterclaim for additional duties on the imported merchandise.

Our counterclaim asserts that, based on CBP's enforcement of the HTSUS, we are entitled to receive additional duties should the Court agree that certain styles of the subject merchandise are properly classified under subheading 6702.90.65, HTSUS.  Our counterclaim is consistent with the will of Congress.  Historically, when the Court determined that the proper classification of imported merchandise called for an increase in duties, "the court could only dismiss the action, without requiring the plaintiff to pay any additional duties." *Cormorant Shipholding Corp. v. United States*, 617 F.Supp.2d 1270, 1276 n.17 (Ct. Int'l Trade 2009). "Section 1583 remedied this problem and permits the [G]overnment to 'assert[ ] a claim that

---

(emphasis added, citations omitted); *Am. Permac, Inc. v. United States*, 24 CIT 933, 938 (2000) (granting the Government's counterclaims for additional duties sought "[p]ursuant to 28 U.S.C. § 1583," and ordering plaintiff to pay the additional duties to the Government); *Cormorant Shipholding Corp. v. United States*, 617 F.Supp.2d 1270, 1276 n.17 (Ct. Int'l Trade 2009) ("Prior to the adoption of section 1583, if the court found Customs' appraisement to be incorrect, the court could not uphold a different appraised value claimed by the Government.  Rather, the court could only dismiss the action, without requiring the plaintiff to pay any additional duties. Section 1583 remedied this problem and *permits the government to "assert[ ] a claim* that would allow the court to make the proper determination and accordingly would enable the Government to collect the full amount of duties.") (emphasis added, quoting H.R. Rep. No. 96–1235, at 36); *Brother Int'l Corp. v. United States*, 248 F.Supp.2d 1224 (Ct. Int'l Trade 2002); *Macclenny Prods.* v. *United States*, 963 F.Supp.2d 1348 (Ct. Int'l Trade 2014) (denying the government's counterclaims for additional duties on the merits but never expressing any doubt that the government had a cause of action to make the counterclaims for additional duties on the same imported merchandise that was the subject of the importer's pending action); *Eastalco Aluminum Co. v. United States*, 995 F.2d 201 (Fed. Cir. 1993) (noting that the Government's counterclaim under 28 U.S.C. § 1583 for a higher duty classification was sustained in a test case by the USCIT and the Court of Appeals for the Federal Circuit, and suggesting that the suspended cases could be voluntarily dismissed only because the Government had not asserted its counterclaim under 28 U.S.C. § 1583); *Eastalco Aluminum Co. v. United States*, 726 F.Supp. 1342, 1343 (Ct. Int'l Trade 1989) (ordering judgment for the government on its counterclaim, and ordering the Customs Service "to reliquidate the [subject entries accordingly and] to collect such additional duties as are owing, and such interest as provided by law"), *aff'd*, 916 F.2d 1568 (Fed. Cir. 1990).

would allow the court to make the proper determination and accordingly would enable the Government to collect the full amount of duties.' H.R. Rep. No. 96–1235, at 36 (1980)." *Id.*; *see also Tikal Distributing Corp. v. United States*, 93 F.Supp.2d 1269, 1275 n.4 (Ct. Int'l Trade 2000).

Indeed, the legislative history behind section 1583 explains:

> The United States may defend the action either by claiming that the original valuation is correct or by asserting in the alternative that if the original valuation is incorrect, the goods should be valued at an amount higher than that claimed by the plaintiff. In cases in which the plaintiff has demonstrated that the original valuation is erroneous, but where the Government has proven a higher valuation , the Customs Court has not required the plaintiff to pay the higher duties. In those instances, the court has dismissed the action. However, all subsequent imports of the same goods are valued at the higher tariff rate proved by the Government at trial. Under the provision proposed in H.R. 6394, it would be possible for the court to rule that a plaintiff should pay additional duties to the United States on the basis of the counterclaim asserted and proved by the United States. That provision would allow the counterclaim to be asserted not only with regard to the particular matter which gave rise to the civil action being litigated but also as to all other civil actions pending in the Court of International Trade involving import transactions by the same plaintiff. Several witnesses strongly recommended the deletion of this provision from the legislation. They claimed that the counterclaim provision would permit the Government to exact additional duties from importers months after the importer has moved his goods into the stream of commerce at a price that accounts for the duties assessed by the Customs Service.

H.R. Rep. No. 96–1235, at 35 (1980). Although the legislative history provides the example of a valuation case, its analysis applies with equal force to a classification case. Indeed, what was debated as "the counterclaim provision" in section 1583 was understood to apply equally to valuation or classification cases. Some "witnesses contended that the government has ample opportunity prior to and after liquidation to reassess the initial valuation *or classification* and should not be accorded still another opportunity to collect a higher duty on goods long released

18

into the stream of commerce, particularly after the government's rights under section 501 of the

Tariff Act of 1930 [19 U.S.C. § 1501] have lapsed." *Id.* at 36 (emphasis added).  This is the

same argument that plaintiff is now attempting to resurrect here.  "After extensive discussion,"

the provision was enacted with "an amendment *limiting the government's counterclaim* to 'the

imported merchandise'[, which] strikes a compromise between the need of the government to

recover the proper amount of import duties and the exposure of the importer to additional

liability." *Id.* at 36-37 (emphasis added).[9]  Thus, by enacting section 1583, Congress provided an

additional basis for our counterclaim.

The congressional scheme permitting the Government to recover additional duties,

interest, and fees through the vehicle of a counterclaim is further supported by 28 U.S.C.

§ 2643(b), which permits the Court to enter a money judgment "for or against the United States

or any other party in any counterclaim, cross-claim, or third-party action under section 1583 of

this title."  Under the initial draft of section 1583, which was not adopted, the Court could have

ruled that the plaintiff had to pay the United States additional duties not only as to the subject

matter of the action, but also for other actions in the USCIT involving the plaintiff's import

transactions.  H.R. Rep. No. 96-1235 at 35.  The Association of the Customs Bar argued that this

provision would "have a chilling effect on the commencement of litigation in the Court of

International Trade" because litigants would be exposed to liability, especially if the Government

---

[9]  There was additional testimony from the Department of Justice "that the right to recover
customs duties should apply equally to the importer and the government," such that "if the
amount of duties due the government is truly more than the actual assessment, then that amount
should be paid," "*the government should not be precluded from asserting a claim* that would
allow the court to make the proper determination and accordingly would enable the government
to collect the full amount of duties," as well as a concession by the American Importers
Association that *limiting the counterclaim* to 'the imported merchandise' would be a reasonable
limitation" to address its concern regarding '*permitting the Government to raise counterclaims*
on suspended cases." *Id.* (emphasis added).

were raising challenges to importations that were not the subject of plaintiff's complaint. *Id.* at

35-36.  Others argued that the Government has "ample opportunity prior to and after liquidation

to reassess the initial valuation or classification and should not be accorded still another

opportunity." *Id.* at 36.  However, representatives of the importing community "agreed that

limiting the counterclaim to 'the imported merchandise' would be a reasonable limitation." *Id.*

> Moreover, further testimony provided that:

> > there is nothing extraordinary about litigants and their lawyers
> > having to balance the likely benefits of proposed litigation against
> > the possibility of counterclaims.
> >
> > On the one hand, by allowing some counterclaims involving the
> > same importer which we do propose be done, you're in the position
> > of consolidating litigation, getting disputes between the same
> > parties resolved more quickly.  The fact that somebody has to
> > consider whether they are subject to claims when they bring suit is
> > the kind of judgment lawyers are called upon to make in a whole
> > host of occasions when they have to advise clients whether it's
> > prudent or not prudent to come forward and bring litigation.

*Id.*  The same concerns Second Nature raises here were considered by Congress in narrowly

tailoring section 1583. All importers should be aware that by protesting and bringing an action,

they face the potential of a counterclaim from the Government.  Thus, whether to protest and

commence a court action is simply a decision based on weighing the costs and benefits of doing

so.  All importers are similarly situated in doing such an analysis.

## III.  THE GOVERNMENT'S COUNTERCLAIM STATES A CAUSE OF ACTION

Second Nature contends that its motion to dismiss our counterclaim should be granted

because the counterclaim failed to state a claim for which relief can be granted.  Pl. Mot., 18.

Second Nature is wrong.

To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter,

accepted as true, to "state a claim of relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

(internal quotations omitted).  In other words, the factual allegations must be sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the [counterclaim] are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.  Our counterclaim satisfies the *Iqbal-Twombly* standard because it provides enough factual matter to establish our right to relief: correctly reclassifying 44 product styles of the merchandise in this case under subheading 6702.90.65, HTSUS, and, by consequence, collection of the appropriate duties associated with that tariff provision.

Under the customs laws, the Government is entitled to duties owed on imported merchandise after liquidation or reliquidation.  *See* the HTSUS, codified at 19 U.S.C. § 1202 *et seq*.; 19 U.S.C. § 1505(b); 28 U.S.C. § 1583.  The proper amount of duties is determined by the rate of duty associated with the provision that correctly describes the imported merchandise. Section 1505(b) authorizes CBP to "collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation."  19 U.S.C. § 1505(b).  If the Court determines that the correct classification is different from and has a higher duty rate than the one under which the goods were classified at liquidation, then, consistent with section 1514(a), CBP is charged with enforcing the tariff correctly and receiving the duties it was entitled to, had the goods been properly classified when entered by the importer.  19 U.S.C. § 1514(a) ("When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.").

Construing the Government's factual allegations as true and viewing them in the light most favorable to the Government (*i.e.*, non-moving party), the Court should deny Second

Nature's motion to dismiss, particularly since the factual allegations describing the merchandise are taken from the parties' joint statement of undisputed material facts in the related case, *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271.  These allegations state a plausible claim for relief: the Court's obligation to find the correct classification and the Government's attendant right to collect the difference in duty between the duties owed at the 17 percent *ad valorem* rate provided for subheading 6702.90.65, HTSUS, and the duties paid at the 7 percent *ad valorem* rate provided for subheading 0604.90.60 is consistent with 28 U.S.C. § 1583, which provides the Court with exclusive jurisdiction over a counterclaim to recover customs duties relating to the subject merchandise and which also provides the cause of action for such counterclaim.  Therefore, the grounds for our claim reside in the classification itself and the duty rate it carries that is applicable to the imported merchandise, and in our charge to collect any additional duties due upon reliquidation based on our counterclaim and this Court's review of the correct classification.  *See* 28 U.S.C. § 1583.

Thus, the question here turns on whether the Government is entitled to receive additional duties if the Court agrees that the 44 styles of the subject merchandise identified in our counterclaim are properly classified under subheading 6702.90.65, HTSUS, and not under subheadings 0604.90.60 or 0604.90.30.  If subheading 6702.90.65 is applicable, then proper enforcement of the tariff would call for CBP to apply that classification and its associated duty rate to the subject merchandise.  *See* 19 U.S.C. § 1514(a) ("When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.").  Our counterclaim asserts that, based on the correct classification of the

subject merchandise and our enforcement of the HTSUS, we are entitled to receive these additional duties.  As such, the counterclaim has stated a claim upon which relief can be granted.

Finally, the Government's counterclaim in this case preserves the Government's rights in the event that Second Nature decides to voluntarily dismiss its claims.  But for the Government's counterclaim, this case could be dismissed by Second Nature.  The Government's counterclaim is therefore needed to preserve the Government's rights and remedies under those circumstances.  Indeed, as discussed *infra*, Second Nature seeks to sever and dismiss from this case one entry which the Government has included in its counterclaim.

### IV.  ENTRY 551-7280171-0 SHOULD NOT BE SEVERED AND DISMISSED

Second Nature argues that entry 551-7280171-0 should be severed and dismissed from this case because the Government lacks a cause of action to assert a counterclaim and there is no case or controversy surrounding this entry.  Pl. Mot., 26.  Second Nature is wrong on both points.

First, as explained in detail *supra*, the grounds for our counterclaim reside in the proper classification of 44 product styles under subheading 6702.90.65, HTSUS and the duty rate it carries, in our charge to collect any additional duties due upon reliquidation based on our counterclaim, and this Court's review of the correct classification.  *See* 28 U.S.C. § 1583.

In addition, our counterclaim for entry 551-7280171-0 is allowed because the entry appears in the amended summons, the entry involves the imported merchandise that is the subject matter of this action, and our counterclaim is for an amount higher than the liquidated duties paid by Second Nature.  Indeed, Second Nature included entry 551-7280171-0 in its original summons, as well as in the amended summons.  *See* ECF 28.  Based on information provided by Second Nature to the agency during the administrative processing of the entries, CBP classified the merchandise in this entry upon liquidation under subheading 0604.90.30,

HTSUS, duty-free.  However, information obtained during discovery in *Second Nature Designs, Ltd. v. United States*, Court No. 17-00271, indicates that the product styles contained in this entry – Blossom Branch Natural Bouquet, Item No. 50230, and Deco Flowers Natural - Value Pack, Item No. 16230 – are properly classified under subheading 6702.90.65, HTSUS, as "Artificial flowers, foliage and fruit and parts thereof; articles made of artificial flowers, foliage or fruit: Of other materials: Other: Other," at a duty rate of 17 percent *ad valorem*.

Pursuant to USCIT Rule 13(a), "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (1) involves the imported merchandise that is the subject matter of the civil action . . . ."  Here, one of the tariff provisions being advanced by the Government – specifically, subheading 6702.90.65, HTSUS – carries a duty rate that is higher than the duty rate assessed at the time of liquidation (*i.e.*, duty-free, applicable to subheading 0604.90.30).  Subheading 6702.90.65 carries a duty rate of 17 percent *ad valorem*.  Should the Court render a decision that classifies the merchandise in a tariff provision that carries any duty rate, Second Nature would be liable to the Government for the increased duties.  To preserve the ability to collect the increased duties from Second Nature, should it not remit the duties in response to the Court's decision, the Government must, in its pleading, "state as a counterclaim any claim that – at the time of its service –" the Government has against Second Nature for this merchandise.  *See*, *e.g.*, *Cormorant*, 617 F.Supp.2d at 1281 fn 17.

The only requirement to assert a counterclaim is that the claim "involve[] the imported merchandise that is the subject matter of the civil action."  USCIT R. 13(a).  Here, because Second Nature included entry 551-7280171-0 in its amended summons and the entry involves the imported merchandise that is the subject matter of this action, and because our counterclaim

24

is for an amount higher than the rate and amount at which the entry was liquidated, our counterclaim for entry 551-7280171-0 is allowed.  Further, because the parties disagree on the proper classification of the merchandise in that entry, there is a legitimate case or controversy involving that entry.  Therefore, our counterclaim for entry 551-7280171-0 is proper and this entry should not be severed and dismissed from this case.

## **CONCLUSION**

For these reasons, Second Nature's motion to dismiss our counterclaim and sever entry 551-7280171-0 should be denied.

<div style="margin-left: 40%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

</div>

By:    /s/ Aimee Lee
          AIMEE LEE
          Assistant Director

| | |
|---|---|
| *Of Counsel*: | /s/ Brandon A. Kennedy |
| Alexandra Khrebtukova | BRANDON A. KENNEDY |
| Senior Attorney | Trial Attorney |
| Office of the Assistant Chief Counsel | Civil Division, U.S. Dept. of Justice |
| International Trade Litigation | Commercial Litigation Branch |
| U.S. Customs and Border Protection | 26 Federal Plaza, Room 346 |
| New York, New York 10278 | New York, New York 10278 |
| | Tel.: (212) 264-9230 |
| | *Attorneys for Defendant* |

Dated:  April 6, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

_____

|                          |   |                      |
|--------------------------|---|----------------------|
| SECOND NATURE DESIGNS, LTD., | : |                      |
|                          | : |                      |
|              Plaintiff,  | : |  Court No. 18-00131  |
|                          | : |                      |
|         v.               | : |                      |
|                          | : |                      |
| UNITED STATES,           | : |                      |
|                          | : |                      |
|              Defendant.  | : |                      |

_____

## CERTIFICATE OF COMPLIANCE

I, Brandon A. Kennedy, a Trial Attorney in the Office of the Assistant Attorney General,
Civil Division, Commercial Litigation Branch, International Trade Field Office, who is the
attorney responsible for the foregoing brief, relying upon the word count feature of the word
processing program used to prepare the response, certify that this memorandum complies with
the word count limitation under the Court's chambers procedures, and contains 8,774 words.

/s/ Brandon A. Kennedy
BRANDON A. KENNEDY